684 So.2d 860 (1996)
Edward SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2573.
District Court of Appeal of Florida, Fifth District.
December 13, 1996.
Edward Simmons, Vernon, pro se.
No Appearance for Appellee.
W. SHARP, Judge.
Simmons appeals from an order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We dismiss this appeal because it is untimely. Accordingly, *861 this court lacks jurisdiction to determine the appeal on the merits. See Fla. R.App. P. 9.100(b).
In this case, the trial court denied Simmons' motion on July 17, 1996. Simmons filed a motion for rehearing which was signed on July 28, 1996, and filed in the lower court on August 2, 1996. The trial court denied the motion for rehearing on August 13, 1996. Simmons filed his notice of appeal (under the mail box rule) on September 1, 1996.
The notice of appeal was not filed within 30 days of the trial court's denial of Simmons' rule 3.800(a) motion. Assuming that Simmons' motion for rehearing was timely filed, it nonetheless did not toll the 30 day time period in which to file a notice of appeal. We have held that a motion for rehearing in a rule 3.800(a) proceeding does not toll the time in which to appeal because it is not authorized and therefore does not have a tolling effect. See Gaylord v. State, 678 So.2d 481 (Fla. 5th DCA 1996); Mathis v. State, 674 So.2d 209 (Fla. 5th DCA 1996); Simmons v. State, 657 So.2d 1283 (Fla. 5th DCA 1995); Kosek v. State, 640 So.2d 1127 (Fla. 5th DCA 1994). This is in contrast with motions for rehearing filed in rule 3.850 cases.[1]
Unlike rule 3.850, rule 3.800 does not require the trial court to advise a movant that he or she has but 30 days in which to file an appeal. Thus the absence of such a notice in this case in the trial court's order does not entitle Simmons to file a belated appeal. Compare Owens v. State, 668 So.2d 715 (Fla. 5th DCA 1996). These are discrepancies in the rules which perhaps should be addressed by the Florida Supreme Court and rules committees, but they are beyond the competency of this court to remedy.
DISMISSED.
PETERSON, C.J., and HARRIS, J., concur.
NOTES
[1] See Fla. R.Crim. P. 3.850(a) and Fla. R.App. P. 9.020(g).