720 So.2d 1116 (1998)
Letarius MATHIS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1941.
District Court of Appeal of Florida, Fifth District.
October 23, 1998.
Letarius Mathis, Clermont, pro se.
No Appearance for Appellee.
W. SHARP, J.
Mathis appeals from the trial court's summary denial of his motion to correct sentence and his amended motion, both filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He argued that the trial court erred in using one scoresheet to sentence him for criminal offenses committed in 1993 and 1994, resulting in an excessive total score and sentence.
We are unable to address the merits of these issues because Mathis filed a motion for rehearing of the trial court's summary order, rather than an appeal. The summary order was rendered on January 12, 1998; the motion for rehearing was filed January 23, 1998; the rehearing was denied February 17, 1998; and the notice of appeal was filed March 12, 1998.
Unlike rehearing motions addressed to orders rendered pursuant to Florida Rule of Criminal Procedure 3.850, rehearing motions addressed to orders rendered pursuant to rule 3.800(a) are not authorized, and they do not toll the time for filing a notice of appeal. See, e.g., Kosek v. State, 640 So.2d 1127 (Fla. 5th DCA), rev. dismissed, 648 So.2d 723 (Fla. 1994); Newman v. State, 610 So.2d 455 (Fla. 4th DCA 1992); Griffis v. State, 593 So.2d 308 (Fla. 1st DCA 1992). Thus, Mathis' appeal is untimely.
We have previously pointed out this "trap" for the unwary, but until the rules are changed, we are bound by established precedent. Since Mathis' appeal is untimely, we lack jurisdiction to consider it. Therefore, we have no choice but to dismiss the cause.
DISMISSED.
GRIFFIN, C.J., concurs.
DAUKSCH, J., concurs in conclusion only.