SHARP, W„ J.
Jeffrey A. MacPherson appeals from the trial court’s order which summarily denied his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), seeking post-conviction relief. With reluctance, we dismiss his appeal as being untimely, because although his notice of appeal was filed within thirty days of the trial court’s denial of his motion for rehearing, his notice of appeal was filed more than thirty days after the trial court’s initial denial. An untimely filing of a notice of appeal deprives this court of jurisdiction. It is the ultimate and most fatal of appellate errors.
“With reluctance” refers to the fact that this court has repeatedly warned, in such cases as this, that unlike the proceedings involving motions filed pursuant to rule 3.850 seeking post-conviction relief, there is no provision in rule 3.800(a) “authorizing” a motion for rehearing and thus it follows, motions for rehearing in rule 3.800 proceedings do not toll the time for filing a notice of appeal. See, e.g., Mathis v. State, 720 So.2d 1116 (Fla. 5th DCA 1998); Gaylord v. State, 678 So.2d 481 (Fla. 5th DCA 1996); Simmons v. State, 657 So.2d 1283 (Fla. 5th DCA 1995); Kosek v. State, 640 So.2d 1127 (Fla. 5th DCA), rev. dismissed, 648 So.2d 723 (Fla.1994).
*355 Yet, this same mistake continues to be made primarily by convicted defendants acting pro se. In our view, the discrepancy in how motions for rehearing are treated in the two rules governing collateral relief after conviction makes little sense, and as illustrated by this case, it is a trap for the unwary. Is it a necessary trap? Only the rule makers can answer that question, and until a change is made, this trap will continue to' exist.
DISMISSED.
PLEUS and TORPY, JJ., concur.