845 So.2d 1007 (2003)
Kenya L. PROCTOR, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-907.
District Court of Appeal of Florida, Fifth District.
May 23, 2003.
Kenya L. Proctor, Punta Gorda, pro se.
*1008 No Appearance for Appellee.
SHARP, W., J.
Proctor seeks to appeal from an order denying his motion filed pursuant to Rule 3.850(a) challenging his 1995 criminal convictions. However, it appears untimely. In response to this court's show cause order as to why this appeal should not be dismissed, Proctor alleges he did not receive a copy of the trial court's order until February 5, 2003, or March 24, 2003.
The order sought to be appealed in this case was rendered on January 7, 2003. Under the Florida Appellate Rules, Proctor should have filed his notice of appeal no later than 30 days after the rendition date. Fla. R.App. P. 9.140(b)(1)(D) & (3). Failure to do so deprives this court of jurisdiction to hear the appeal.
Pursuant to the "mail box" rule[1] this time period can be "extended" for an inmate in the state prison system by establishing that he or she delivered the notice of appeal to prison authorities for purposes of mailing, prior to the expiration date for filing the notice of appeal. The date of delivery is deemed the date of filing or service under the mail box rule.
In this case, Proctor failed to assert or establish he timely delivered the notice of appeal to the prison authorities. Thus, we must dismiss this appeal for lack of jurisdiction.
However, this dismissal is without prejudice to file a petition in this court seeking a belated appeal pursuant to all the requirements of Rule 9.141. The allegations must be made under oath, and must establish a basis for granting a belated appeal. Such circumstances may include the fact that, due to no fault on the part of the prison inmate, the inmate did not receive a copy or notice of the order sought to be appealed until a time past the last day to timely file a notice of appeal, via the mail box rule, or so close thereto, that filing a timely notice was difficult, and that, as a practical matter, the notice was filed as quickly as possible, after receipt or notice of the order, under the circumstances.
DISMISS without prejudice to file petition for belated appeal.
PETERSON and ORFINGER, JJ., concur.
NOTES
[1] Fla.R.App. P. 9.420(a)(2); Griffin v. Sistuenck, 816 So.2d 600 (Fla.2002); Thompson v. State, 761 So.2d 324 (Fla.2000); Haag v. State, 591 So.2d 614 (Fla.1992).