863 So.2d 355 (2003)
Xaviar WALKER, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D03-2872.
District Court of Appeal of Florida, First District.
October 31, 2003.
Rehearing Denied January 12, 2004.
Xaviar Walker, pro se, petitioner.
Charlie Crist, Attorney General, and Sherri Tolar Rollison, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
Xaviar Walker seeks a belated appeal from the circuit court's orders denying his motion to withdraw plea and motion to modify sentence. Because neither order apprised Walker that he had only thirty days within which to file an appeal, Walker asserts he is entitled to a belated appeal.[1] We deny the petition.
Walker's motion to withdraw plea was filed pursuant to Florida Rule of Criminal Procedure 3.170(l), and his motion to modify sentence was filed pursuant to rule 3.800. Unlike rule 3.850, neither rule 3.170(l) nor rule 3.800 required the circuit *356 court to advise Walker of his appellate rights. See, e.g., Simmons v. State, 684 So.2d 860 (Fla. 5th DCA 1996)(holding that Simmons was not entitled to a belated appeal because an order denying a rule 3.800 motion does not have to advise a movant of his appellate rights). Accordingly, Walker is not entitled to a belated appeal.
DENIED.
KAHN, WEBSTER and POLSTON, JJ., concur.
NOTES
[1] Walker also contends that the letter which the circuit court treated as a motion to modify sentence should have been construed as a timely notice of appeal. The letter did not come close to complying with Florida Rules of Appellate Procedure 9.110(d) and 9.900(a), and therefore, we find no error in the circuit court's treatment of the letter as a motion to modify sentence pursuant to rule 3.800.