PER CURIAM.
The Florida Bar’s Rules of Criminal Procedure Committee (Rules Committee) has filed its biennial report of regular-cycle proposed rules changes in accordance with Florida Rule of Judicial Administration 2.130(c)(4). We have jurisdiction. See art. V, § 2(a), Fla. Const.
BACKGROUND
The Rules Committee proposes amendments to existing Florida Rules of Criminal Procedure 3.150 (Joinder of Offenses and Defendants); 3.180 (Presence of Defendant); 3.191 (Speedy Trial); 3.710 (Pre-sentence Report); and 3.986 (Forms Related to Judgment and Sentence). The Rules Committee also proposes new rule 3.575 (Motion to Interview Juror) and a new form order, rule 3.995 (Order of Revocation of Probation/Community Control). Prior to filing its proposed rule changes with the Court, the Rules Committee published the proposals for comment. See Fla. R. Jud. Admin. 2.130(c)(2). The Rules Committee received comments on the proposed amendment to rule 3.180 and on proposed new rules 3.575 and 3.995. After considering the comments, the Rules Committee voted 25-7-1 not to change its proposals. The Board of Governors of The Florida Bar unanimously approved the proposals. See Fla. R. Jud. Admin. 2.130(c)(3).
On its own motion, the Court considered, along with the Rules Committee’s regular-cycle proposals, a proposed amendment to rule 3.800 (Correction, Reduction, and Modification of Sentences) that was not included with the regular-cycle submissions because the proposal was not passed by the Rules Committee in time for inclusion in the regular-cycle report. The Court published the regular-cycle proposals and the proposed amendment to rule 3.800 for comment and received comments addressing proposed new rule 3.575 and the proposed amendments to rules 3.180 and 3.710.
After reviewing the Rules Committee’s proposals, considering the comments filed, and hearing oral argument, we adopt the proposed amendments to rules 3.150, 3.710, and 3.986 as well as proposed new rules 3.575 and 3.995. We also adopt the proposed amendments to rules 3.191 and 3.800, with minor modifications necessary to clarify the amendments. However, after considering the comments and hearing oral argument, we decline to adopt the proposed amendment to rule 3.180. The major substantive changes are summarized below.
*198 AMENDMENTS
New subdivision (c) is added to rule 3.150, Joinder of Offenses and Defendants, as proposed, to require the trial court to inquire into joint representation when co-defendants are represented by the same attorney. Under the new subdivision, the court must, “as soon as practicable, inquire into [the] joint-representation” and must “personally advise each defendant of the right to effective assistance of counsel, including separate representation.” . The court also must “take such measures as are necessary to protect each defendant’s right to counsel.”
New subdivision (c) is based on Federal Rule of Criminal Procedure 44(c) and was proposed by the Rules Committee in response to Dixon v. State, 758 So.2d 1278, 1281 (Fla. 3d DCA 2000) (urging the promulgation of such a rule). Like the federal rule, the new subdivision does not specify the particular measures that the court must take to protect a defendant’s right to counsel. Therefore, we have added a commentary that explains that this determination is left within the court’s discretion. The commentary further explains that one option is for the court to advise the defendant of the possible conflict of interest that could arise from dual representation and to obtain a voluntary, knowing, and intelligent waiver of the defendant’s right to obtain separate representation. See Larzelere v. State, 676 So.2d 394 (Fla.1996). Another option is for the court to require separate representation. See Fed. R.Crim.P. 44(c) advisory committee notes 1979 amendment.
Rule 3.191(a), Speedy Trial without Demand, is amended to delete the words “by indictment or information” from the first sentence, which the Rules Committee points out as currently written could be read to apply only to persons charged with a crime. The amendment was proposed in response to the Court’s decision in State v. Williams, 791 So.2d 1088, 1091 (Fla.2001) (stating that “the speedy trial time begins to run when an accused is taken into custody”). We have further amended the rule to clarify that the time periods under subdivision (a) run from the day of arrest.
New rule 3.575, Motion to Interview Juror, provides the following procedure for interviewing jurors:
A party who has reason to believe that the verdict may be subject to legal challenge may move the court for an order permitting an interview of a juror or jurors to so determine. The motion shall be filed within 10 days after the rendition of the verdict, unless good cause is shown for the failure to make the motion within that time. The motion shall state the name of any juror to be interviewed and the reasons that the party has to believe that the verdict may be subject to challenge. After notice and hearing, the trial judge, upon a finding that the verdict may be subject to challenge, shall enter an order permitting the interview, and setting therein a time and a place for the interview of the juror or jurors, which shall be conducted in the presence of the court and the parties. ■ If no reason is found to believe that the verdict may be subject to challenge, the court shall enter its order denying permission to interview.
The new rule is based, in part, on Defrancisco v. State, 830 So.2d 131 (Fla. 2d DCA 2002), which addressed the issue of whether an attorney may interview jurors following a criminal trial. Currently, unlike the Rules of Civil Procedure,[1] the Rules of Criminal Procedure do not provide a procedure for interviewing jurors. Instead, *199 according to the Rules Committee and those who commented, criminal attorneys have relied on Rule Regulating the Florida Bar 4 — 3.5(d)(4) which allows an attorney to interview a juror to determine whether the verdict may be subject to legal challenge after filing a notice of intention to interview.[2] In response to concerns raised about the effect of the new provision on rule 4 — 3.5(d)(4), we have added a commentary to the new rule explaining that the new procedure is not intended to abrogate the existing rule 4 — 3.5(d)(4) procedure.
Rule 3.710, Presentence Report, is amended, as proposed, to add new subdivision (b) which provides:
(b) Capital Defendant Who Refuses To Present Mitigation Evidence. Should a defendant in a capital case choose not to challenge the death penalty and refuse to present mitigation evidence, the court shall refer the case to the Department of Corrections for the preparation of a presentenee report. The report shall be comprehensive and should include information such as previous mental health problems (including hospitalizations), school records, and relevant family background.
The new subdivision is based on the Court’s decision in Muhammad v. State, 782 So.2d 343 (Fla.2001) (holding when a defendant in a death penalty action refuses to present mitigating evidence, a comprehensive presentence investigation report (PSI) must be placed in the record). According to the Rules Committee, although the new subdivision provides that the PSI “should include information such as previous mental health problems (including hospitalizations), school records, and relevant family background,” this is not intended to be a conclusive list of items that should be in the report. It is simply offered as a list of examples. Finally, in order to provide additional guidance to the Florida Department of Corrections, the following committee note, which we have modified slightly for clarity, has been added to the rule:
The amendment adds subdivision (b). Section 948.015, Florida Statutes, is by its own terms inapplicable to those cases described in this new subdivision. Nonetheless, subdivision (b) requires a report that is “comprehensive.” Accordingly, the report should include, if reasonably available, in addition to those matters specifically listed in Muhammad v. State, 782 So.2d 343, 363 (Fla. 2001), a description of the status of all of the charges in the indictment as well as any other pending offenses; the defendant’s medical history; and those matters listed in sections 948.015(3)-(8) and (13), Florida Statutes. The Department of Corrections should not recommend a sentence.
Rule 3.800, Correction, Reduction, and Modification of Sentences, is amended to provide that a party may file a motion for rehearing of any order .entered under the rule within fifteen days of the date of service of the order or within fifteen days of the expiration of the time period for *200 filing an order if no- order is filed.- The amendment is intended to address' a “pitfall” that has resulted for unwary litigants whose appeals have been dismissed as untimely because a motion for rehearing in a rule 3.800 proceeding currently is an unauthorized motion that does not toll the time for filing a notice of appeal. See, e.g., Mincey v. State, 789 So.2d 492 (Fla. 1st DCA 2001) (holding that because the motion for rehearing filed in the 3.800 proceeding did not toll the time for filing a notice of appeal, the appeal would be dismissed as untimely); Bischel v. State, 712 So.2d 432 (Fla. 2d DCA 1998) (same); Simmons v. State, 684 So.2d 860 (Fla. 5th DCA 1996) (same, but noting the inconsistency between rules 3.800 and 3.850). We have further modified the original proposal to clarify that a motion for rehearing may be filed on an order entered under both subdivisions (a) (illegal sentence) and (b) (sentencing error) of the rule.
Subdivision (c), Form for Charges, Costs and Fees, of rule 3.986.is amended to add a check-off provision for “$201 pursuant to section 938.08, Florida Statutes (Funding Programs in Domestic Violence).” The amendment is in response to chapter 2001-50, section 5, at 320, Laws of Florida, which amended section 938.08, Florida Statutes (additional cost to fund programs in domestic violence), to provide for a surcharge of $201 to be imposed for violations of certain domestic violence statutes. The amendments to subdivisions (e), Form for Order of Probation, and (f), Form for Community Control, of rule 3.986 add check-off provisions to both forms that read “You will attend and successfully complete a batterers’ intervention program.” These amendments are in response to chapter 2001-50, section 6, at 321, Laws of Florida, which amended section 948.03, Florida Statutes (terms and conditions of probation or community control), to require a person convicted of an offense of domestic violence to attend and successfully complete a batterers’ intervention program as a condition of probation or community control.
The new form order of revocation of probation/community control, rule 3.995, is adopted in response to chapter 2001-109, section 1, at 911, Laws of Florida, which amended section 948.06, Florida Statutes, to allow a term of probation or community control to be “tolled” by the filing of an affidavit of violation and the issuance of an arrest warrant. The Rules Committee proposed the new form order in an effort to create uniformity between the circuits and with the hope that the form will serve as a reminder to the trial court to enter a written order of violation.
Accordingly, we amend the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes and commentary are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become, effective January 1, 2005, at 12:01 a.m.
It is so ordered.
PARIENTE, C.J., and ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
WELLS, concurs specially with an opinion, in which CANTERO and BELL, JJ., concur.

. See Fla. R. Civ. P. 1.431(h).

. Rule 4-3.5(d)(4) provides in pertinent part:
A lawyer shall not ... after dismissal of the jury in a case with which the lawyer is connected, initiate communication with or cause another to initiate communication with any juror regarding the trial except to determine whether the verdict may be subject to legal challenge; provided, a lawyer may not interview jurors for this purpose unless the lawyer has reason to believe that grounds for such challenge may exist; and provided further, before conducting any such interview the lawyer must file in the cause a notice of intention to interview setting forth the name of the juror or jurors to be interviewed. A copy of the notice must be delivered to the trial judge and opposing counsel a reasonable time before such interview.