911 So.2d 221 (2005)
Jeffery HARRIS, a/k/a Jeffrey Harris, Doc # 048416, Petitioner,
v.
STATE of Florida, Respondent.
Tommy L. Williams, Petitioner,
v.
State of Florida, Respondent.
Marcus Johnson, Petitioner,
v.
State of Florida, Respondent.
Nos. 2D04-5259, 2D05-2026, 2D05-2356.
District Court of Appeal of Florida, Second District.
September 23, 2005.
*222 Jeffery Harris, pro se.
Charlie J. Crist, Jr., Attorney General, Tallahassee, and Tonja Vickers, Assistant Attorney General, Tampa, for Respondent.
Tommy L. Williams, pro se.
Charlie J. Crist, Jr., Attorney General, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Respondent.
Marcus Johnson, pro se.
ALTENBERND, Judge.
These three cases have been consolidated by the court for purposes of this opinion. They are all cases in which a prisoner representing himself seeks a belated appeal from an order denying a motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a). Because rule 3.800(a) does not expressly require the trial court to notify a defendant of the time limits for an appeal from an order denying such a motion, we deny all of these petitions, but certify two questions to the supreme court as matters of great public importance.

I. THE PARTIES AND THEIR CLAIMS

A. Harris v. State, Case No. 2D04-5259
Jeffery Harris filed a handwritten "Petition for Writ of Habeas Corpus for Belated Direct Appeal" in this court on December 20, 2004. Despite the title, he does not seek a belated direct appeal of a judgment and sentence. Instead, he explains that he was sentenced in 1993. He filed a motion to correct an illegal sentence pursuant to rule 3.800(a) in October 2004. The trial court in Sarasota County entered an order denying that motion on October 12, 2004. Mr. Harris seeks a belated appeal from this postconviction order.
Mr. Harris has attached to his motion only a copy of the trial court's order denying his motion. He has not attached a copy of his motion under rule 3.800(a) or any of the attachments referenced in the trial court's order. Mr. Harris alleges that the trial court's order did not inform him of his right to appeal within thirty days. This, of course, is correct because rule 3.800(a) contains no such notification requirement. Mr. Harris argues that he is entitled to a belated appeal under Florida Rule of Appellate Procedure 9.141(c)(4). In his sworn petition, he does not claim that he was unaware of the time limit for an appeal or that the order was not timely delivered to him.
This court ordered a response from the State. The State's response explains that Mr. Harris had been resentenced on a violation of probation in this case in July *223 1999, and that subsequent unresolved affidavits of violations had been filed in 2000 and 2001.[1] The State argues that the petition should be denied because the trial court properly denied the rule 3.800 motion and had no obligation to notify Mr. Harris of his right to appeal under the rule announced in Walker v. State, 863 So.2d 355 (Fla. 1st DCA 2003), review dismissed 874 So.2d 1194 (Fla.2004) (citing Simmons v. State, 684 So.2d 860 (Fla. 5th DCA 1996), and holding neither Florida Rule of Criminal Procedure 3.170(l) nor rule 3.800(a) require the circuit court to advise a defendant of appellate rights).

B. Williams v. State, Case No. 2D05-2026
Tommy L. Williams filed an "Application for Writ of Habeas Corpus for Purpose of Belated Appeal" in this court on April 22, 2005. He seeks belated review of an order entered on November 23, 2004, denying his motion to correct an illegal sentence pursuant to rule 3.800(a). Like Mr. Harris, Mr. Williams has attached to his petition only a copy of the order and has not attached a copy of his motion under rule 3.800(a) or any of the attachments referenced in the trial court's order. In his sworn petition, Mr. Williams alleges that the trial court's order did not inform him of his right to appeal within thirty days and argues that he is entitled to a belated appeal under rule 9.141(c)(4). He too does not claim that he was unaware of this time requirement or that the order was not timely delivered to him. He does allege that the State will not be prejudiced by his delay. From the limited record, it appears that Mr. Williams was sentenced on June 22, 2004, and, unlike Mr. Harris, he could have filed a timely motion pursuant to Florida Rule of Criminal Procedure 3.850 raising the issues contained in this motion.
This court ordered a response from the State, and the State conceded that Mr. Williams had not been advised of his right to appeal. Unlike the response in Mr. Harris's case, the State did not oppose the granting of a belated appeal and did not rely on Walker.

C. Johnson v. State, Case No. 2D05-2356
Marcus Johnson filed a handwritten "Habeas Corpus Belated Appeal" on May 12, 2005. He seeks belated review of an order denying his motion to correct an illegal sentence pursuant to rule 3.800(a), which the trial court entered on December 22, 2004. In essentially all other respects, his motion and the limited attachments thereto are identical to the petitions filed by Mr. Harris and Mr. Williams. Like Mr. Williams, Mr. Johnson's motion was filed within the two-year time limit for motions pursuant to rule 3.850. However, he alleges that he filed a prior motion under rule 3.850, which had been denied. He did not appeal that ruling. Thus, it is possible that his motion would have been successive if filed under rule 3.850. This court did not order a response from the State in this case.

II. UNTIMELY APPEALS OF ORDERS DENYING RULE 3.800(a) MOTIONS AND RULE 9.141(c)(4)
Even when a party is represented by a lawyer, the trial court is generally required to notify a defendant of his or her right to appeal a final order in a criminal proceeding. This requirement is included in Florida Rule of Criminal Procedure 3.670, which states in part:

*224 When a judge renders a final judgment of conviction, withholds adjudication of guilt after a verdict of guilty, imposes a sentence, grants probation, or revokes probation, the judge shall forthwith inform the defendant concerning the rights of appeal therefrom, including the time allowed by law for taking an appeal.
A similar notice of the right to appeal is required for two of the three typical motions for postconviction relief filed in non-death penalty cases. See Fla. R.Crim. P. 3.850(g) ("All orders denying motions for postconviction relief shall include a statement that the movant has the right to appeal within 30 days of the rendition of the order."); Fla. R.Crim. P. 3.853(f) ("All orders denying relief must include a statement that the movant has the right to appeal within 30 days after the order denying relief is rendered.").[2]
However, when rule 3.800(a) and rule 3.850 were first established, neither rule contained a notification requirement. When rule 3.800(a) was created as Florida Rule of Criminal Procedure 3.800(a) in 1968, the rule simply stated: "A court may at any time correct an illegal sentence imposed by it." See In re Florida Rules of Criminal Procedure, 196 So.2d 124 (Fla.1967). This language was copied from section 921.24, Florida Statutes (1965), which likewise did not require the court to notify the defendant of his right to appeal.
Rule 1, the predecessor of rule 3.850, was created in 1963. See In re Criminal Procedure, Rule No. 1, 151 So.2d 634 (Fla.1963). It too contained no requirement to notify the defendant of his appellate rights. However, the supreme court in State ex rel. Shevin v. Dist. Court of Appeal, Third Dist., 316 So.2d 50, 51 (Fla.1975), accepted jurisdiction over a petition for writ of prohibition and determined that because rule 3.850 grants a right to appeal an adverse ruling, that right "is rendered useless if the movant is not informed of its existence and of the time limitations governing its utilization." Accordingly, it approved the Third District's decision to treat an untimely appeal of an order denying relief under rule 3.850 as if it were timely. Id. at 51.
As a result of the decision in Shevin, rule 3.850 was amended in 1977 to require the trial court to advise a defendant of his appellate rights when denying a rule 3.850 motion. See The Florida Bar, Re Florida Rules of Criminal Procedure, 343 So.2d 1247 (Fla.1977) (amending rule 3.850 to require a trial court's order to include notice of appellate rights). It is noteworthy that rule 3.850 was also amended in 1977 to permit a motion for rehearing. For reasons that are not apparent, rule 3.800(a) was not amended in 1977 in a similar fashion to permit rehearing or to require notice of appellate rights.
Because of this anomaly, over the years the district courts have regularly received untimely appeals from orders denying motions under rule 3.800(a). Most of these appeals have been dismissed by unpublished orders, but some are reflected in published opinions. See, e.g., Cotterell v. State, 890 So.2d 315 (Fla. 5th DCA 2004). District court judges have been particularly bothered in cases where they were required to dismiss appeals because the defendant was confused about the rule prohibiting motions for rehearing in rule 3.800(a) proceedings. See, e.g., Haliburton v. State, 842 So.2d 950 (Fla. 4th DCA *225 2003); Turner v. State, 651 So.2d 758 (Fla. 1st DCA 1995). Judge Sharp repeatedly suggested an amendment to rule 3.800(a) to eliminate this "trap." See MacPherson v. State, 843 So.2d 354 (Fla. 5th DCA 2003); Mathis v. State, 720 So.2d 1116 (Fla. 5th DCA 1998). The rule was finally amended to permit motions for rehearing, effective January 1, 2005. See Amendments to the Florida Rules of Criminal Procedure, 886 So.2d 197, 199-200 (Fla.2004).
At this time, the only remaining anomaly in rule 3.800(a) is the absence of a requirement that the trial court notify the defendant in an order denying a motion that he or she has a right to appeal within thirty days. Although it is not clear from our record that this omission caused each of these three defendants to file their appeals untimely, they each rely upon this omission. At this time, after all of the reported precedent, we are not convinced that we should simply exercise jurisdiction in this context, as the Third District did in Shevin, and expect the State to test our ruling through a petition for writ of prohibition in the supreme court.[3]
None of the petitioners in this case simply filed an untimely appeal from the postconviction proceeding, as apparently occurred in the Shevin case. Instead, all three rely on rule 9.141(c)(4) and seek a belated appeal. The critical language in the rule states:
(A) A petition for belated appeal shall not be filed more than 2 years after the expiration of time for filing the notice of appeal from a final order, unless it alleges under oath with a specific factual basis that the petitioner
(i) was unaware an appeal had not been timely filed or was not advised of the right to an appeal; and
(ii) should not have ascertained such facts by the exercise of reasonable diligence.
Rule 9.141 was created in 2000, but was largely extracted from Florida Rule of Appellate Procedure 9.140. The relevant language used to create rule 9.141(c)(4) had been added to rule 9.140 in 1996. Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996). It has been suggested that a belated appeal of an order under rule 3.800(a) might be authorized pursuant to rule 9.141(c)(4). See Despart v. State, 871 So.2d 312 (Fla. 5th DCA 2004); Proctor v. State, 845 So.2d 1007 (Fla. 5th DCA 2003). We have found no opinion, however, permitting such a belated appeal when the defendant merely alleges that the order did not contain language notifying him of the time limits for appeal.
It would be tempting to latch onto this language to give belated appeals to the three defendants in this case. On the other hand, the effect of such a holding would be to extend indefinitely the time to appeal most orders denying motions under rule 3.800(a).[4] We would essentially reopen the time to appeal many orders that *226 were not appealed in the past. We are unprepared to make such a drastic change.
Accordingly, we deny each of these petitions.

III. CERTIFIED QUESTIONS
This jurisdictional issue arises with regularity in the district courts, and these three files demonstrate that the analysis employed to resolve this jurisdictional issue varies. The supreme court's earlier case law reflects that the issue of notice in these cases has a due process component. We doubt that a defendant could obtain review of our ruling by filing a petition for prohibition in the supreme court because we have not refused jurisdiction over the petition; we have merely denied a remedy that would have provided jurisdiction for an appeal. Thus, no one has easy access to the supreme court through a petition for writ of prohibition, as was the case in Shevin. Accordingly, we certify the following questions as ones of great public importance:
I.
ARE TRIAL COURTS REQUIRED TO NOTIFY DEFENDANTS OF THE TIME LIMIT FOR AN APPEAL OF A FINAL ORDER RESOLVING A MOTION UNDER FLORIDA RULE OF CRIMINAL PROCEDURE 3.800(a), EVEN THOUGH THE RULE DOES NOT EXPRESSLY CONTAIN THIS REQUIREMENT?
II.
IF A TRIAL COURT DOES NOT NOTIFY A DEFENDANT OF THE TIME LIMIT FOR SUCH AN APPEAL, DOES FLORIDA RULE OF APPELLATE PROCEDURE 9.141(c)(4) ENTITLE THE DEFENDANT TO SEEK A BELATED APPEAL?
We have answered both of these questions in the negative and would have granted belated appeals if we had answered either question in the affirmative. Hopefully, one or more of the petitioners will follow the procedures in Florida Rule of Appellate Procedure 9.120(b) to invoke the jurisdiction of the supreme court within thirty days from the date of this opinion.
All petitions denied; questions certified.
CASANUEVA and DAVIS, JJ., Concur.
NOTES
[1] It is noteworthy that this court affirmed Mr. Harris's life sentence in an unrelated Hillsborough County case in 2004. See Harris v. State, 871 So.2d 224 (Fla. 2d DCA 2004). Thus, it is not clear that the Sarasota case has any practical impact on Mr. Harris.
[2] Rule 3.170(l) contains no such requirement, but a motion under that rule stays rendition of the previously entered final judgment and sentence. See Fla. R.App. P. 9.020(h). The judgment and sentence, of course, would have been entered with notice of the right to appeal within thirty days.
[3] In Lott v. State, 865 So.2d 637 (Fla. 2d DCA 2004), we reversed an order entered on a rule 3.800(a) motion noting that the order was an insufficient "rubber stamp" order because it contained no explanation, attachments, or notice of the right to appeal, citing Suleiman v. State, 861 So.2d 1175 (Fla. 2d DCA 2003). However, nothing in Lott expressly states that this court reviewed the order as an untimely or belated appeal. Accordingly, we do not consider Lott as precedent to support the position of the three defendants in this case.
[4] Rule 9.141(c)(4) contains a two-year time limitation for most petitions for belated appeal. The exception for cases in which the petitioner was not advised of the right to an appeal does not contain any time limitation on its face.