961 So.2d 195 (2007)
Marcus JOHNSON, Petitioner,
v.
STATE of Florida, Respondent.
Tommy L. Williams, Petitioner,
v.
State of Florida, Respondent.
Nos. SC05-1933, SC05-1976.
Supreme Court of Florida.
April 26, 2007.
Rehearing Denied July 11, 2007.
John Stewart Mills of Mills and Creed, P.A., Jacksonville, FL, for Petitioners.
Bill McCollum, Attorney General, Tallahassee, FL, Robert J. Krauss, Bureau Chief, Tampa Criminal Appeals and Tonja Rene Vickers, Assistant Attorney General, Tampa, FL, for Respondent.
QUINCE, J.
These cases are before the Court for review of the decision of the Second District Court of Appeal in Harris v. State, 911 So.2d 221 (Fla. 2nd DCA 2005). In its decision the district court ruled upon the following questions, which the court has certified to be of great public importance:
I.
ARE TRIAL COURTS REQUIRED TO NOTIFY DEFENDANTS OF THE TIME LIMIT FOR AN APPEAL OF A FINAL ORDER RESOLVING A MOTION UNDER FLORIDA RULE OF CRIMINAL PROCEDURE 3.800(a), EVEN THOUGH THE RULE DOES NOT EXPRESSLY CONTAIN THIS REQUIREMENT?
II.
IF A TRIAL COURT DOES NOT NOTIFY A DEFENDANT OF THE TIME LIMIT FOR SUCH AN APPEAL, DOES FLORIDA RULE OF APPELLATE PROCEDURE 9.141(c)(4) ENTITLE THE DEFENDANT TO SEEK A BELATED APPEAL?
Id. at 226. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons that follow, we answer the certified questions in the negative and approve the decision of the Second District.
*196 In three cases before the Second District Court of Appeal that were consolidated for the purposes of the opinion, prisoners representing themselves sought belated appeals pursuant to rule 9.141(c)(4), Florida Rules of Appellate Procedure, from orders denying motions to correct illegal sentences under Florida Rule of Criminal Procedure 3.800(a). The Second District addressed the issues in the cases based on an assessment that appeals from the orders would have been untimely. Therefore, the issue was whether rule 9.141 was applicable to prisoners' belated appeals. The court denied relief to the defendants based on the fact that no notice of appeal was filed within thirty days of the rendition of the orders denying rule 3.800(a) relief. Additionally, the court refused to allow belated appeals under rule 9.141(c)(4), finding that to do so would extend indefinitely the time to appeal most orders denying relief under rule 3.800(a). In addition the court opined that if it granted relief to the petitioners, it "[w]ould essentially reopen the time to appeal many orders that were not appealed in the past." Harris, 911 So.2d at 225-26.
In reaching its ultimate conclusion to deny relief and certify questions to this Court, the district court examined Florida Rule of Criminal Procedure 3.670, which requires the trial court generally to notify a defendant, even when the defendant is represented by a lawyer, of his or her right to appeal a final order in a criminal proceeding. The court also noted a "similar notice of the right to appeal is required for two of the three typical motions for postconviction relief filed in non-death penalty cases." Id. at 224.[1] In its analysis, the court evidently concluded that rulings on rule 3.800(a) motions are not the type of decision that imposes "final judgment of conviction, withholds adjudication of guilt after a verdict of guilty, imposes a sentence, grants probation, or revokes probation." Fla. R.Crim. P. 3.670. Additionally, the court noted that the defendant's rights to be notified of the appellate procedure for other types of postconviction motions were specifically provided for in the applicable postconviction rule.
The district court also examined this Court's opinion in State ex rel. Shevin v. District Court of Appeal, Third District, 316 So.2d 50 (Fla.1975), where we held that "because rule 3.850 grants a right to appeal an adverse ruling, that right `is rendered useless if the movant is not informed of its existence and of the time limitations governing its utilization.'" Harris, 911 So.2d at 224 (quoting Shevin, 316 So.2d at 51). The district court further noted that after the Shevin opinion, rule 3.850 was amended in 1977 to require the trial court to advise a defendant of his or her appellate rights when denying a rule 3.850 motion. See Harris, 911 So.2d at 224 (citing Fla. Bar re Fla. Rules of Crim. Pro., 343 So.2d 1247 (Fla.1977)). The 1977 amendment to rule 3.850 also provided for a motion for rehearing. However, there was no similar amendment to rule 3.800 to accommodate motions for rehearing or to provide for notification of the right to appeal.
Rule 3.800(a) was amended, effective January 1, 2005, to permit motions for rehearing. See Amendments to the Fla. Rules of Crim. Pro., 886 So.2d 197, 199-200 (Fla.2004). Thus, as the district court *197 noted, as of 2005, only the "absence of a requirement that the trial court notify the defendant in an order denying a motion that he or she has a right to appeal within thirty days" remained. Harris, 911 So.2d at 225. Of interest to the district court was the fact that the defendants in the cases did not simply file untimely appeals from the postconviction proceeding, as apparently occurred in the Shevin case. The district court noted that instead all three defendants relied on rule 9.141(c)(4) to seek a belated appeal.
The district court answered both of the questions certified to us in the negative and noted it would have granted belated appeals if it had answered either question in the affirmative. See Harris, 911 So.2d at 226. Only the cases involving Marcus Johnson and Tommy L. Williams are before this Court for review. For the reasons that follow, we approve the decision of the Second District and answer both certified questions in the negative. Additionally, rule 3.800(a) has been amended to provide that in an order denying relief under the rule, the defendant must be notified of the right to appeal and the time period in which to bring the appeal. See In re Amendments to Fla. Rules of Crim. Pro., 949 So.2d 196 (Fla.2007).
The first certified question asks this Court to determine whether trial courts are required to notify defendants of the time limit for an appeal of a final order resolving a rule 3.800(a) motion, even though the rule does not expressly contain such a requirement. The second certified question asks this Court to decide whether defendants are entitled to belated appeals if the trial courts do not inform them of their appellate rights. As did the Second District, we answer these questions in the negative.
Our ruling is consistent with the way the other district courts of appeal have ruled on this issue in the past. See, e.g., Walker v. State, 863 So.2d 355 (Fla. 1st DCA 2003), review dismissed, 874 So.2d 1194 (Fla.2004); Dunbar v. State, 688 So.2d 993 (Fla. 5th DCA 1997); Simmons v. State, 684 So.2d 860 (Fla. 5th DCA 1996). In each of these cases, the district courts found not only that the trial court was not required under a plain reading of rule 3.800(a) to inform the defendant of the right to an appeal, but also that because there was no requirement to inform the defendant of an appeal right there was likewise no right to a belated appeal based on the failure of the trial court to inform the defendant. In so holding, the district courts contrasted the requirements of rule 3.800 with the requirements in rule 3.850.
Rule 3.850 specifically requires the trial court to advise defendants of their appellate rights. After this Court's opinion in Shevin, rule 3.850 was amended to specifically require the trial court to advise defendants of the right to appeal adverse rulings on 3.850 motions. Because there was an obligation on the part of the court to tell defendants of this right, there was a corresponding right to a belated appeal if the court failed to discharge this obligation. On the other hand, rule 3.800 does not require trial judges to inform defendants of appellate rights. Thus it follows there can be no corresponding right to a belated appeal based on the court's failure to perform an act that is not required.
We emphasize, however, that defendants have the right to appeal an adverse ruling of a 3.800(a) motion. Rule 9.140(b)(1)(D) allows defendants to appeal "orders entered after final judgment or finding of guilt, including orders revoking or modifying probation or community control, or both, or orders denying relief under Florida Rule of Criminal Procedure 3.800(a), 3.850, or 3.853." Even before this rule specifically provided for appeals from the *198 denial of 3.800(a) motions, such appeals were in fact allowed under the broad language of rule 9.140(b)(1), which allowed appeals by the defendants of "orders entered after final judgment or finding of guilt, including orders revoking or modifying probation." See Hampton v. State, 596 So.2d 682, 683 (Fla. 4th DCA 1992) (finding the language of rule 9.140(b)(1) broad enough to include appeals from the denial of relief under rule 3.800(a)).
The order denying Johnson's 3.800(a) motion was entered by the trial court on December 22, 2004, and the order denying Williams' 3.800(a) motion was entered on November 23, 2004. At the time these orders were entered, rule 9.140(b)(1)(D)[2] specifically provided that defendants could appeal orders denying 3.800(a) relief. Thus, these defendants could have and should have filed notices of appeal pursuant to this rule.
While all parties are on notice of the contents of the statutes and rules, we believe that it is in the best interest of all concerned that defendants who are denied relief under rule 3.800(a) be treated in a manner similar to defendants who are denied relief under rule 3.850. Defendants in the latter category are informed pursuant to the rule of their right to appeal within thirty days of the rendition of the order denying relief. Thus, rule 3.800 has been amended to provide that defendants who are denied relief are likewise informed of their right to appeal and the applicable time limitation.

CONCLUSION
For the reasons stated, we approve the decision of the Second District Court of Appeal and answer both certified questions in the negative. Trial judges are not required to inform defendants of the right to appeal the denial of relief under rule 3.800(a), and defendants are not entitled to belated appeals because the trial court did not inform them of their appellate rights.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, CANTERO, and BELL, JJ., concur.
NOTES
[1] See Fla. R.Crim. P. 3.850(g) ("All orders denying motions for postconviction relief shall include a statement that the movant has the right to appeal within 30 days of the rendition of the order."); Fla. R.Crim. P. 3.853(f) ("All orders denying relief must include a statement that the movant has the right to appeal within 30 days after the order denying relief is rendered.").
[2] The Committee Notes to rule 9.140(b)(1)(D) indicate that the rule was amended in 2000 to include appeals from rule 3.800(a) and rule 3.850 motions to reflect the practice that was in effect at that time. See Fla. R.App. P. 9.140(b)(1)(D) committee note (2000).