# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**MICHAEL A. MITCHELL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-860

[October 21, 2020]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Caroline C. Shepherd, Judge; L.T. Case No. 501996CF009161B.

Michael A. Mitchell, Daytona Beach, pro se.

No appearance required for appellee.

### ON APPELLANT'S MOTION FOR WRITTEN OPINION

GERBER, J.

We grant appellant's motion for written opinion, withdraw our per curiam affirmance issued without opinion on July 15, 2020, and substitute the following written opinion in its place.

The defendant appeals from the circuit court's order dismissing as moot his Florida Rule of Criminal Procedure 3.800 motion to correct illegal sentence. He argues the circuit court should have imposed the applicable mandatory minimum on his life sentences for two counts of attempted first-degree murder, essentially asking for a harsher sentence than what he received. Although the circuit court recognized the defendant's argument was correct, the court dismissed his motion as moot because he has already served longer than the applicable mandatory minimum.

We agree with the circuit court and affirm. However, because two of our sister courts have held an illegal sentence should be corrected at any time, even when the illegality works in the defendant's favor, we write to explain our reasoning and certify conflict.

The state charged the defendant by amended information with two counts of attempted first-degree murder with a firearm (counts I and II), robbery with a firearm (count V), and grand theft of a motor vehicle (count VI).  A jury found the defendant guilty as charged on counts I, II, and V, and not guilty on count VI.

The circuit court sentenced the defendant to life in prison for both counts of attempted first-degree murder, and twenty-three years in prison for robbery with a firearm, to run concurrently.  We affirmed the defendant's conviction and sentence on direct appeal.  *Mitchell v. State*, 734 So. 2d 450 (Fla. 4th DCA 1999).

The defendant has filed several postconviction motions, some of which have been successful.  The circuit court ultimately resentenced the defendant to fifteen years in prison for robbery with a firearm.  His life sentences for attempted first-degree murder remained intact.

On February 19, 2019, the defendant filed the instant motion to correct illegal sentence, arguing the trial court should have imposed an applicable mandatory minimum for each attempted first-degree murder conviction. In response, the state conceded the trial court should have imposed the applicable mandatory minimum.  The state suggested granting relief and correcting the defendant's sentence to include the applicable mandatory minimum, noting the correction was ministerial and would not require de novo resentencing.

The circuit court dismissed the defendant's motion as moot.  The circuit court found that imposing an applicable mandatory minimum on resentencing would have no effect on the defendant's sentence, because he has already served more than the applicable mandatory minimum on both attempted first-degree murder convictions.  Further, the circuit court found the applicable mandatory minimum would have no effect on gain time because the defendant is serving a life sentence without the possibility of parole.

This appeal followed. The defendant argues he is entitled to resentencing because the circuit court failed to impose the non-discretionary applicable mandatory minimum for each attempted first-degree murder conviction.

We agree with the defendant that section 775.087(3)(a), Florida Statutes, required the circuit court to impose the applicable mandatory minimum on each attempted first-degree murder conviction because the

jury found the defendant possessed a semiautomatic firearm during the commission of the offense. *See State v. Iseley*, 944 So. 2d 227, 230-31 (Fla. 2006) (the application of the mandatory minimum sentence penalty in section 775.087(2)(a) must be predicated upon a "clear jury finding" that the defendant possessed a firearm during the commission of the felony, which can be demonstrated either by (1) a specific question or special verdict form, or (2) the inclusion of a reference to a firearm in identifying the specific crime for which the defendant is found guilty). The verdict form specifically referenced the defendant's use of the semiautomatic firearm. Accordingly, there was a "clear jury finding" sufficient to impose the applicable mandatory minimum under section 775.087(3)(a).

However, the First District has held that although a sentence is technically illegal when a court fails to impose the applicable mandatory minimum, the illegality is in the defendant's favor and may not be challenged. *Earl v. State*, 276 So. 3d 359, 361 (Fla. 1st DCA 2019). The First District reasoned:

> While a sentence that fails to impose a mandatory minimum sentence may be "illegal," that illegality is in appellant's favor. It is not adverse to [the appellant]. "The general rule on appeal to review proceedings of an inferior court is that a party to the cause may appeal only from a decision in some respect adverse to [that party]." *Credit Indus. Co. v. Remark Chem. Co.*, 67 So. 2d 540, 541 (Fla. 1953). "A party may ... appeal when [that party] is 'aggrieved by the judgment.'" *Fountain v. City of Jacksonville*, 447 So. 2d 353, 354 (Fla. 1st DCA 1984).

> Specifically, "defendants have the right to appeal an *adverse* ruling of a 3.800(a) motion." *Johnson v. State*, 961 So. 2d 195, 197 (Fla. 2007) (emphasis added) (requiring trial courts to advise defendants of their right to appeal from rule 3.800(a) motions). The appellate rules permit a defendant to appeal an order "denying relief" under rule 3.800(a). Fla. R. App. P. 9.140 (b)(1)(D).

*Id.*

We agree with the First District's holding and reasoning. The First District, though, certified conflict with cases from the Fifth District and the Third District. *Id.* at 362 (citing *Solomon v. State*, 254 So. 3d 1121, 1124 (Fla. 5th DCA 2018) ("Although it would seem counterintuitive for a defendant, postconviction, to move for an enhanced sentence, rule

3

3.800(a) provides ... recourse as it plainly states ... that '[a] court may at any time correct an illegal sentence,'" and the failure to impose a mandatory minimum sentence under the 10-20-Life statutes "makes each sentence illegal."); *Vargas v. State*, 188 So. 3d 915, 916 n.1 (Fla. 5th DCA 2016) (reversing and remanding for resentencing where the trial court failed to impose mandatory minimum sentences); *Burks v. State*, 237 So. 3d 1060, 1062 n.1 (Fla. 3d DCA 2017) (reversing and remanding for resentencing because nothing prohibits a defendant from filing a rule 3.800(a) motion challenging the trial court's failure to impose a mandatory minimum sentence under the 10-20-Life statute)).

The Florida Supreme Court recently granted review of the First District's holding in *Earl*. *Earl v. State*, SC19-1506, 2019 WL 6490732, at *1 (Fla. Dec. 3, 2019). Based on the pending review of this issue, we have written this opinion to also certify conflict with *Solomon*, *Vargas*, and *Burks*, so that our supreme court may review this case based upon its review of *Earl*.

*Affirmed; conflict certified.*

WARNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***