# Third District Court of Appeal
## State of Florida

Opinion filed March 2, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2148
Lower Tribunal Nos. F98-36722, F99-4398
_____

**Marco Pace, etc.,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Robert T. Watson, Judge.

Marco Pace, in proper person.

Ashley Moody, Attorney General, for appellee.

Before FERNANDEZ, C.J., and LINDSEY and HENDON, JJ.

HENDON, J.

Marco Pace seeks review of the trial court's denial of his postconviction motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), and from the denial of his motion for rehearing of the order denying his 3.800(a) motion. We reverse and remand for reconsideration of Pace's motion for rehearing.

The trial court entered an order denying Pace's motion for rehearing, stating: "Defendant's Motion for Rehearing is DENIED because rule 3.800 does not authorize motions for rehearing." In support, the trial court cited to decisions entered by our sister courts in 1992 and 1994. However, "Rule 3.800(a) was amended, effective January 1, 2005, to permit motions for rehearing." See Johnson v. State, 961 So. 2d 195, 196 (Fla. 2007) (citing Amends. to the Fla. Rules of Crim. Proc., 886 So. 2d 197, 199-200 (Fla. 2004)). As the order denying Pace's motion for rehearing does not reflect that the trial court denied the motion on the merits, we reverse and remand for reconsideration of Pace's motion for rehearing because the trial court erroneously determined that rule 3.800 does not authorize motions for rehearing. Bamber v. State, 995 So. 2d 624 (Fla. 2d DCA 2008).

Reversed and remanded.