478 So.2d 430 (1985)
STATE of Florida, Appellant,
v.
Robert Maurice ROW, Appellee.
No. 85-314.
District Court of Appeal of Florida, Fifth District.
November 7, 1985.
*431 Jim Smith, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellee.
COBB, Chief Judge.
The state appeals from the sentence imposed on the defendant, Robert Maurice Row, claiming that it was an illegal sentence.[1] We agree and vacate the sentence.
Defendant was convicted of trafficking in cocaine, in violation of section 893.135(1)(b)1, Florida Statutes (1983). Without stating his reasons therefor, the trial judge indicated at sentencing that he was willing to depart from the guideline recommended sentence of five years downwards to the three-year mandatory minimum prescribed by section 893.135(1)(b)1. In pronouncing sentence, the judge stated:
In this case, I have a minimum requirement to sentence you to three years, and I am going to sentence you to three years. I am going to condition that to be six months served in the Orange County Jail and two-and-a-half years will be on community control in lieu of two-and-a-half years of Department of Corrections incarceration.[2]
The trial court's sentence was unauthorized for two reasons. First, section 893.135(1)(b)1 explicitly states that defendants convicted under this section "shall be sentenced to a mandatory minimum term of imprisonment of three calendar years." (Emphasis supplied.) The trial court was thus without authority to substitute community control for imprisonment. Cf. Gottlieb v. State, 462 So.2d 101 (Fla. 4th DCA 1985). Second, Florida Rule of Criminal Procedure 3.701(d)(9) provides that "If the guideline sentence exceeds the mandatory sentence, the guideline sentence should be imposed." Therefore, the five-year guideline recommended sentence should have been imposed in this case, unless a valid reason for departure had been given. We note also that the record does not reflect that the mandatory $50,000.00 fine required under section 893.135(1)(b)1 was imposed in this case.
The sentence in this case is vacated and the cause remanded to the trial court for resentencing, with instructions to impose the guideline recommended sentence of incarceration unless a valid reason for departure is stated, and to impose the mandatory minimum fine.
SENTENCE VACATED; REMANDED FOR RESENTENCING.
UPCHURCH, J., and VANN, H.R., Associate Judge, concur.
NOTES
[1] See Fla.R.App.P. 9.140(c)(1)(I).
[2] The trial court subsequently modified the incarceration portion of defendant's sentence to work release.