665 So.2d 380 (1996)
Reggie L. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2779.
District Court of Appeal of Florida, Fourth District.
January 3, 1996.
Reggie L. Johnson, Bowling Green, pro se appellant.
*381 Robert A. Butterworth, Attorney General, Tallahassee, and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant filed a motion to correct illegal sentence pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, in which he claimed that his fifteen year sentence for a second degree felony exceeded the statutory maximum under sections 775.082 and 812.13, Florida Statutes, and that the trial court erred in failing to award him credit for prison time served on a probationary split sentence. Tripp v. State, 622 So.2d 941 (Fla. 1993).
The trial court summarily denied the motion, finding it legally insufficient. The court order denying the motion did not attach any portions of the record refuting appellant's sentencing challenges.
In this appeal from the order of summary denial, the state has responded to this court by conceding that the rule 3.800(a) motion was erroneously denied without the necessary attachments of portions of the record refuting appellant's sentencing challenges. It suggested that the proper recourse was to reverse and remand for an evidentiary hearing or attachment of portions of the record refuting appellant's claims. We disagree with the first portion of this suggestion, based on our recent pronouncement in Fountain v. State, 660 So.2d 376 (Fla. 4th DCA 1995), that rule 3.800(a) is not appropriate for resolving factual disputes by evidentiary hearing. However, we also find that the trial court erred in summarily denying the rule 3.800(a) motion without any attachment of portions of the record.
Therefore, we reverse and remand for attachment of portions of the record refuting appellant's sentencing challenges.
REVERSED AND REMANDED.
DELL, WARNER and FARMER, JJ., concur.