PER CURIAM.
The state appeals an order withholding adjudication of guilt and placing the defendant on probation for the crime of trafficking in cocaine. We conclude that the mandatory minimum sentencing provisions of section 893.135(l)(b)l.a., Florida Statutes, apply and that the trial judge was therefore required to sentence the defendant to a minimum term of three years incarceration and a minimum fine in the amount of $50,000. Accordingly, we reverse.
This court has jurisdiction to hear an appeal by the state from an illegal sentence. See § 924.07(1)(e), Fla. Stat. (2001); Fla.R.App.P. 9.140(c)(1)(K). A sentence that does not impose the minimum punishment required by law is regarded as an illegal sentence. See Zimmerman v. State, 467 So.2d 1119 (Fla. 1st DCA 1985); State v. Lopez, 408 So.2d 744 (Fla. 3d DCA 1982); State v. Senich, 543 So.2d 804 (Fla. 4th DCA 1989); State v. Row, 478 So.2d 430 (Fla. 5th DCA 1985).
In this case, the state charged the defendant with trafficking in violation of section 893.135(l)(b)l., Florida Statutes (2001), based on an allegation that she possessed more than 28 grams of cocaine. Section 893.135(l)(b)l.a. provides that if the quantity of cocaine “is 28 grams or more, but less than 200 grams, [the defendant] shall be sentenced to a mandatory minimum term of imprisonment of 3 years, and ... ordered to pay a fine of $50,000.” Because the defendant entered a plea of guilty as charged to the crime of trafficking, the trial court was required to impose the minimum sentence required by the statute. The trial court had no discretion to impose a lesser sentence.
Reversed.
WOLF, C.J. and POLSTON, J., concur.
PADOVANO, J., concurs with opinion.