919 So.2d 576 (2006)
Armando Aurelio RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-2552.
District Court of Appeal of Florida, Third District.
January 11, 2006.
Armando Aurelio Rodriguez, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before COPE, C.J., GERSTEN and SUAREZ, JJ.
COPE, C.J.
This is an appeal of a summary denial of a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). In the motion, Armando A. Rodriguez seeks additional credit for time served. We reverse for further proceedings.
According to the motion, defendant-appellant Rodriguez entered into a substantial assistance agreement. The defendant alleges that under his plea bargain, it was agreed that he would receive credit not only for prior jail time served, but also credit for time served on house arrest. The defendant maintains that this agreement is reflected in the plea agreement and the transcript of the plea colloquy. The trial court summarily denied the motion, and the defendant has appealed.
On appeal from a summary denial of a Rule 3.800(a) motion, this court must reverse unless the postconviction record shows conclusively that the appellant is entitled to no relief. See Fla. R.App. P. 9.141(b)(2)(D). In this case the trial court did not attach the plea colloquy or the plea agreement, so the record before us does not conclusively refute the defendant's claim.
The trial court's order denying rehearing appears to state that the issues raised in the Rule 3.800(a) motion had been previously litigated. Where that is the basis of a summary denial of postconviction relief, *577 it is necessary for the trial court to attach to its order sufficient record documentation to demonstrate that the identical Rule 3.800(a) issue had previously been raised and adjudicated on the merits.[*]See id.; see also State v. McBride, 848 So.2d 287, 291 (Fla.2003).
Because the record now before us fails to conclusively refute the defendant's claim, we reverse the order and remand for further proceedings or for the attachment of record excerpts conclusively showing that the appellant is not entitled to any relief.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[*] As an alternative, it is sufficient if the documents conclusively refuting the defendant's claim are attached to any of the parties' pleadings. See Fla. R.App. P. 9.141(b)(2)(A).