PER CURIAM.
Erick Tukes appeals the denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Tukes raised two claims in his motion: (1) denial of post-sentencing jail credit and (2) illegal sentencing in excess of the statutory maximum for a third degree felony (possession of cocaine). We affirm the summary denial of the first claim for the reasons set forth in the State’s response, but reverse the trial court’s summary denial of the second claim for failure of the court to attach record evidence to support its summary denial. See Fenelon v. State, 932 So.2d 431 (Fla. 4th DCA 2006); Johnson v. State, 665 So.2d 380 (Fla. 4th DCA 1996) (“holding that the trial court must attach portions of the record conclusively refuting a legally sufficient 3.800(a) claim”). We deny the State’s motion to relinquish jurisdiction for the trial court to attach a copy of the Criminal Punishment Code scoresheet to an amended order, pursuant to the “new policy” announced by the second district in Harvester v. State, 817 So.2d 1048, 1049 (Fla. 2d DCA 2002).
Accordingly, we reverse and remand for attachment of portions of the record refuting appellant’s second claim of an illegal sentence, if such records exist or an evi-dentiary hearing.
STEVENSON, C.J., FARMER and TAYLOR, JJ., concur.