947 So.2d 493 (2006)
Rosa E. TORREALBA, Appellant,
v.
The STATE of Florida, Appellee.
No. 2D05-2465.
District Court of Appeal of Florida, Third District.
November 22, 2006.
Rehearing Denied February 12, 2007.
*494 Rosa E. Torrealba, in proper person.
Charles J. Crist, Jr., Attorney General, and Douglas J. Glaid, Senior Assistant Attorney General, for appellee.
Before COPE, C.J., and GERSTEN and SUAREZ, JJ.

On Rehearing Granted
COPE, C.J.
On consideration of the State's motion for rehearing, the court withdraws its previous opinion and substitutes the following opinion.
Rosa Elena Torrealba appeals an order denying her motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
In the trial court, the State filed an amended response to the motion of defendant-appellant Torrealba. The trial court summarily denied the motion and defendant-appellant Torrealba has appealed.
The record conclusively refutes all of the defendant's claims except points nine and twelve. We affirm on all points except nine and twelve.
We return the matter to the trial court for further consideration on points nine and twelve. On appeal from a summary denial of a Rule 3.850 motion, this court must reverse unless the postconviction record shows conclusively that the appellant is entitled to no relief. See Fla. R.App. P. 9.141(b)(2)(D). On point nine the defendant claims an error in scoring victim injury. The record now before us does not contain the sentencing guidelines scoresheet, verdict, or sentencing order, and does not conclusively refute the defendant's claim.
On point twelve, the defendant appears to claim that there is an error on the verdict form regarding lesser included offenses. The State's amended response on point twelve argued that the defendant waived lesser included offenses, but the cited portion of the transcript contains no such waiver. Further, the trial transcript elsewhere reflects that the jury was instructed on lesser included offenses. In the absence of relevant record excerpts, the present record does not conclusively refute this claim.
For the stated reasons we reverse the order as to points nine and twelve and remand for further proceedings. If the trial court again enters a summary denial, it must attach as part of the postconviction record the record excerpts conclusively showing that the appellant is not entitled to any relief. Otherwise the court must conduct an evidentiary hearing.
The defendant argues that the order now before us must be reversed in its entirety because the trial court failed to *495 attach the transcript excerpts to the order denying relief. This argument is without merit. When the trial court denied the defendant's motion, the court directed in its order that the clerk of the circuit court transmit as part of the postconviction record several documents, including the State's amended response to the defendant's postconviction motion.
The current version of Florida Rule of Appellate Procedure 9.141(b)(2)(A) allows the trial court to rely on record excerpts attached to the parties' pleadings. In this case the State filed an amended response and attached excerpts from the trial transcript and pretrial hearings. In that situation the trial court does not have to re-attach the same excerpts to the court's order. See id. (stating that postconviction record for a summary denial includes "copies of the motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, together with the certified copy of the notice of appeal."); see also Rodriguez v. State, 919 So.2d 576, 577 n. * (Fla. 3d DCA 2006); Bryant v. State, 944 So.2d 1016, 1017 n. 1 (Fla. 3d DCA 2005). The record excerpts attached to the State's amended trial court response were properly considered by the trial court, and this court.
Affirmed in part, reversed in part and remanded for further proceedings consistent herewith.