DAMOORGIAN, J.
 

 Appellant, Eric Rudicil, appeals the trial court’s summary denial of his 3.800(a) motion to correct an illegal sentence in which he seeks credit for jail time served. The trial court gave Rudicil “0” days credit for time served and handwrote next to the entry “per agreement.” Rudicil argues the trial court erred in denying his 3.800(a) motion because the face of the record, without a transcript, does not refute his claim that he is entitled to credit for time served.
 
 Fenelon v. State,
 
 932 So.2d 431, 431 (Fla. 4th DCA 2006) (holding that trial court must attach portions of record conclusively refuting a legally sufficient 3.800(a) claim)(relying on
 
 Johnson v. State,
 
 665 So.2d 380 (Fla. 4th DCA 1996)). The State argued before the trial court that the record refuted Rudicil’s claim because the trial court noted on the sentencing sheet that Rudicil entered a negotiated plea, and that per the terms of the plea, had waived entitlement to credit for time served.
 

 A waiver of one’s credit for time served must be knowingly and voluntarily made.
 
 Woody v. State,
 
 993 So.2d 1158, 1159 (Fla. 4th DCA 2008)(“We disagree with the trial court’s conclusion that a notation on the disposition sheet, next to the award of credit for 154 days, stating ‘-agrees to T/S,’ conclusively refuted Woody’s claim to be entitled to 548 days”)(emphasis in original);
 
 Davis v. State,
 
 968 So.2d 1051, 1052 (Fla. 5th DCA 2007) (holding that written statement in plea agreement that defendant would receive credit for 1531 days time served was not conclusive record evidence that defendant knowingly and voluntarily waived his right to additional credit for time served).
 

 The written plea agreement contains no provision indicating that Rudicil waived his right to credit for time served. Therefore, if the waiver happened at all, it happened during the plea colloquy. Because the record does not contain a transcript of the plea colloquy, neither the trial court nor this court can determine whether the record conclusively refutes Rudicil’s claim.
 

 Accordingly, we reverse and remand for attachment of portions of the record refuting Rudicil’s claim of entitlement to credit for jail time served.
 

 Reversed and Remanded.
 

 HAZOURI and CIKLIN, JJ., concur.