WARNER, J.
 

 We affirm the denial of appellant’s motion to correct an illegal sentence, pursuant to Florida Rule of Criminal Procedure 3.800(a).
 
 [1]
 
 His sole claim on appeal is that the court failed to attach portions of the record which conclusively refute the allegations of his motion. This claim lacks merit.
 

 Linder was charged with and convicted of sexual battery of a person more than twelve but less than eighteen by a person in familial authority. A scoresheet was filed in which 80 points were included for penetration. He was sentenced to eighteen years in the DOC followed by ten years of probation. Linder filed a rule 3.800(a) motion to correct an illegal sentence, asserting that the scoresheet added fourteen points for a crime that was twelve years old and could not be used in calculating his scoresheet. He also asserted that 80 points were erroneously added to the scoresheet for victim injury. He asserted that these two errors, combined, improperly increased his score by 94 points. The state filed a response and attached both the scoresheet as well as the verdict form which showed that the defendant had been found to have penetrated the victim’s vagina in the commission of the sexual battery. The trial court denied the motion, and appellant filed this appeal.
 

 Although under rule 3.850 the court is required to attach portions of the record where the summary denial of a motion is not based upon its legal insufficiency,
 
 see
 
 Fla. R.Crim. P. 3.850(d), there is no such requirement in rule 3.800(a) for the court to attach portions of the record conclusively refuting allegations of the motion. Nevertheless, this requirement has been engrafted by judicial decision.
 
 See, e.g., Fenelon v. State,
 
 932 So.2d 431, 431 (Fla. 4th DCA 2006) (holding that trial court must attach portions of record conclusively refuting a legally sufficient 3.800(a) claim);
 
 see also Johnson v. State,
 
 665 So.2d 380 (Fla. 4th DCA 1996).
 

 In this case, however, the state attached copies of the relevant documents refuting his claims, which the court incorporated in its order. This sufficiently complies with the requirement that copies of those portions of the record be attached to the order for our review. As to the claim that 80 points were erroneously included, section 921.0024, Florida Statutes, provides that 80 points shall be scored for
 
 *1033
 
 sexual penetration, which corresponds to the jury’s finding. Appellant’s claim that the evidence did not support penetration cannot be brought in a motion to correct an illegal sentence. As to his claim of improper inclusion of points for a twelve-year-old offense, it is clear that the court could have imposed the same sentence with a corrected scoresheet, making inclusion of these points harmless error.
 
 See Brooks v. State,
 
 969 So.2d 238, 243 (Fla.2007).
 

 Affirmed.
 

 POLEN and STEVENSON, JJ„ concur.
 

 [1]
 

 . Appellant has mislabeled this as a motion pursuant to Florida Rule of Criminal Procedure 3.850.