JACOBUS, J.
 

 Robert Hill appeals the summary denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, Hill argued his habitual felony offender sentences were illegal because he lacked the requisite predicate felonies. Hill further asserted the trial court erred in relying on the pre-sentence investigation report to support the habitual felony offender enhancement. The trial court denied Hill’s motion, finding his claims were not cognizable in a rule 3.800(a) motion. We reverse.
 

 To the extent that Hill’s motion challenged the procedure used to enhance his sentence, the trial court was correct that it was not cognizable under rule 3.800(a). However, to the extent that Hill claimed he did not have the predicate felonies required to support a habitual felony offender designation, his motion was cognizable under rule 3.800(a).
 
 See Bover v. State,
 
 797 So.2d 1246, 1247 (Fla.2001) (“[WJhere the requisite predicate felonies essential to qualify a defendant for habitu-alization do not exist as a matter of law and that error is apparent from the face of the record, rule 3.800(a) can be used to correct the resulting habitual offender sentence.”). The trial court’s order did not include record attachments refuting this claim. Accordingly, this cause is reversed and remanded to the trial court for the attachment of those portions of the record that conclusively refute Hill’s claim that the requisite predicate felonies do not ex
 
 *906
 
 ist.
 
 See Rodriguez v. State,
 
 919 So.2d 576 (Fla. 3d DCA 2006).
 

 REVERSED and REMANDED.
 

 TORPY and COHEN, JJ., concur.