PER CURIAM.
Isaac E. Rutherford appeals from an order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) based upon his failure to allege a sufficient rule 3.800(a) claim. For the reasons discussed below, we affirm.
A rule 3.800(a) motion to correct an illegal sentence is intended to address cases in which the sentence imposes “a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances.” Carter v. State, 786 So.2d 1173, 1178 (Fla.2001) (quoting Blakley v. State, 746 So.2d 1182, 1186-87 (Fla. 4th DCA 1999)). In the instant case, however, the appellant does not explain how his sentence fails to comport with statutory or constitutional limitations. Instead, he focuses entirely on the alleged flaws in the procedure used to impose his sentence *1133 and specifically on the court’s failure to consider certain mitigating factors pursuant to section 921.141, Florida Statutes (1995). However, this is not a proper basis for a rule 3.800(a) motion and the appellant’s motion is insufficient for failure to allege that his sentence, itself, is illegal. See Young v. State, 38 So.3d 151 (Fla. 4th DCA 2010); Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA 1991) (concluding that rule 3.800(a) is meant to challenge the sentence imposed and not the procedures employed in its imposition).
Accordingly, we affirm the trial court’s order denying the appellant’s rule 3.800(a) motion.
AFFIRMED.
VAN NORTWICK, CLARK, and RAY, JJ., concur.