On Order to Show Cause

PER CURIAM.
In these two cases, which we have consolidated for purposes of this opinion, we previously affirmed the summary denial of appellant’s untimely and successive motions for postconviction relief. We issued an order to show cause as to why this court should not impose the sanction of no longer accepting appellant’s pro se filings. State v. Spencer, 751 So.2d 47 (Fla.1999). We have considered appellant’s response which presents no legitimate excuse for his ongoing abuse of the postconviction process. We therefore impose the sanction of no longer accepting appellant’s pro se filings.
Appellant carjacked and kidnapped a •sixty-nine-year-old man with diabetes whose leg and several fingers had been amputated. In 2002, a jury convicted appellant of kidnapping, carjacking, attempted strong-arm robbery, and battery upon a person sixty-five years of age or older. He is serving life in prison for the kidnapping and thirty years for the carjacking.
Appellant has filed numerous postcon-viction challenges, appeals, and petitions directed at this case. He has initiated at least eighteen cases in this court alone. This court has twice warned appellant, in case numbers 4D07-2174 and 4D11-3703, that his frivolous filing may result in sanctions.
In case number 4D11-4687, appellant appeals another untimely and successive postconviction motion that he filed in this case. He claims that the information allegedly contains incorrect language as to the kidnapping charge. The information tracks the language of the statute and is *574 clearly sufficient. See § 787.01(l)(a), Fla. Stat. (2001).
In case number 4D11-4688, appellant appeals the denial of a Rule 3.800(a) motion. He claims that his score-sheet was incorrectly calculated and that no presentence investigation was prepared. Appellant was sentenced under the Criminal Punishment Code and received sentences within the statutory maximum. Any scoresheet error is harmless. Brooks v. State, 969 So.2d 238, 242 (Fla.2007). Even if a presentence investigation was required in this case, something that appellant has not shown, the trial court’s failure to consider a presentence investigation does not result in an “illegal sentence” under Rule 3.800(a). See Moore v. State, 768 So.2d 1140, 1142 (Fla. 1st DCA 2000).
Appellant’s abuse of postconviction relief procedures interferes with the court system’s ability to consider the claims of other litigants and damages the postcon-viction remedy for others. See McCutcheon v. State, 44 So.3d 156, 161 (Fla. 4th DCA 2010), rev. denied, 75 So.3d 1245 (Fla.2011). The clerk of this court is directed to no longer accept appellant Vernon Carter’s pro se filings unless the filing is signed by a member in good standing of The Florida Bar.
WARNER, GROSS and HAZOURI, JJ., concur.