IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ELLIOTT VARGAS,

     Appellant,

v.                                    Case No. 5D15-3121

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed March 24, 2016

3.800 Appeal from the Circuit
Court for Orange County,
Wayne C. Wooten, Judge.

Elliott Vargas, Lowell, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Robin A. Compton,
Assistant Attorney General, Daytona
Beach, for Appellee.


PALMER, J.

     Elliott Vargas, the defendant, appeals the trial court's order denying his motion to correct illegal sentence. Because his sentence is illegal, we reverse. See Fla. R. Crim. P. 3.800(a).

     The defendant was convicted of one count of armed burglary of a dwelling with a firearm (count 1), two counts of attempted second-degree murder with a firearm (counts

2 and 3), two counts of aggravated battery with a firearm (counts 4 and 5), and one count of aggravated assault (count 7). He was sentenced to consecutive terms of 25 years' imprisonment on counts 1 through 5; and a concurrent term of 20 years' imprisonment with a 20-year mandatory minimum on count 7. We *per curiam* affirmed the convictions and sentences. See Vargas v. State, 906 So. 2d 1081 (Fla. 5th DCA 2005).

The defendant thereafter filed a rule 3.800(a) motion, arguing that his sentences were illegal because (1) they were not imposed as mandatory minimum sentences as required by section 775.087(2), Florida Statutes (2004), and (2) they were improperly ordered to run consecutively.[1] The trial court denied the motion. The defendant argues that the trial court erred in so ruling because the court was required to sentence him to mandatory minimum sentences. We agree.

If a sentence is imposed that "no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances," then it is an illegal sentence correctable under rule 3.800(a). Thomas v. State, 932 So. 2d 1221, 1223 (Fla. 5th DCA 2006) (quoting Blakley v. State, 746 So. 2d 1182, 1186-87 (Fla. 4th DCA 1999)). Where the judge has no discretion in imposing a mandatory minimum sentence, the failure to do so makes the sentence illegal. See State v. Fulton, 878 So. 2d 485 (Fla. 1st DCA 2004); State v. Row, 478 So. 2d 430 (Fla. 5th DCA 1985).

Here, the sentencing court erred in failing to impose any mandatory minimum sentences on counts 1 through 5, and the State properly concedes that the defendant is entitled to be re-sentenced on those counts.

---

[1] Motions seeking to impose mandatory minimums are typically filed by the State, but nothing prohibits a defendant from filing such a motion.

As for the defendant's claim that his sentences were improperly imposed consecutively, because re-sentencing will require the trial court to conduct a new hearing (with defendant and his counsel present), the propriety of consecutive sentencing will be determined then.

REVERSED and REMANDED with instructions.

ORFINGER and COHEN, JJ., concur.