# Third District Court of Appeal

**State of Florida**

Opinion filed December 13, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-175
Lower Tribunal No. 07-36268B

_____

**Brandon Burks,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jose Fernandez, Judge.

Brandon Burks, in proper person.

Pamela Jo Bondi, Attorney General, and Douglas J. Glaid, Senior Assistant Attorney General, for appellee.

Before SUAREZ, LAGOA, and SCALES, JJ.

LAGOA, J.

Brandon Burks ("Burks") appeals from the trial court's order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a) and from the trial court's subsequent order denying his motion for rehearing. Notwithstanding Burk's sentence as a prison releasee reoffender under section 775.082(9)(a)(3)(a), Florida Statutes (2007), the trial court had a nondiscretionary duty to sentence Burks to a mandatory minimum term of imprisonment under section 775.087(2)(a)(3), Florida Statutes (2007), and therefore, we reverse.

I.    FACTUAL AND PROCEDURAL HISTORY

On November 9, 2007, Burks was charged by information with aggravated assault with a firearm, attempted first degree murder with a firearm, and resisting an officer without violence. A jury found Burks guilty on all counts. The jury also made a specific finding that during the commission of the offense of attempted first degree murder with a firearm, Burks possessed a firearm, which he discharged causing great bodily harm.

The trial court sentenced Burks to a twenty-year minimum mandatory term on the charge of aggravated assault with a firearm, and to a term of 364 days, time served, on the charge of resisting an officer without violence. As to the charge of attempted first degree murder with a firearm, the trial court sentenced Burks to a term of natural life under the Prison Releasee Reoffender ("PRR") statute,

2

specifically section 775.082(9)(a)(3)(a), Florida Statues (2007).  Of significance to this appeal, although the jury found that Burks discharged a firearm causing great bodily harm during the commission of the attempted first degree murder, the trial court did not sentence Burks under section 775.087(2)(a)(3), Florida Statutes (2007)—commonly known as the "10/20/Life" statute—which provides that a "convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison" when a defendant discharges a firearm inflicting death or great bodily harm during the commission or attempted commission of enumerated felonies.  With regard to its unwillingness to impose a mandatory minimum sentence under section 775.087(2)(a)(3), the trial court stated:

> He is serving life with no possibility of parole; so there is no reason at this point to impose that.  For some reason it comes back on appeal as to P.R.R. ot [sic] being valid, then obviously, we will look at the 25 min. mand. to possibly life at 10, 20.

This Court affirmed Burks's convictions and sentences on direct appeal.  Burks v. State, 57 So. 3d 972 (Fla. 3d DCA 2011).

In October 2016, Burks filed the instant 3.800(a) motion arguing that his sentence on the attempted first degree murder with a firearm conviction was illegal because the trial court failed to impose the statutory twenty-five year mandatory minimum sentence for discharging a firearm causing great bodily harm pursuant to

3

section 775.087(2)(a)(3).[1] The State filed a response, acknowledging that the imposition of a "concurrent twenty-five (25) year sentence under F.S. 775.087 . . . would have been proper," but asserting that Burks's sentence was not illegal because his mandatory life sentence was "proper on the case of the record." The trial court denied Burks's motion, concluding that because Burks's sentence of life imprisonment as a prison releasee reoffender did not exceed the statutory maximum authorized by law, it was legal on its face. The trial court subsequently denied Burks's motion for rehearing, and this timely appeal ensued.

II.   STANDARD OF REVIEW

"'Because a motion to correct a sentencing error involves a pure issue of law, our standard of review is de novo.'" Brooks v. State, 199 So. 3d 974, 976 (Fla. 4th DCA 2016) (quoting Smith v. State, 143 So. 3d 1023, 1024 (Fla. 4th DCA 2014)).

III.   ANALYSIS

A court "may at any time correct an illegal sentence imposed by it . . . when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief." Fla. R. Crim. P. 3.800(a); see also Martinez v. State, 211 So. 3d 989, 991 (Fla. 2017).   "A rule 3.800(a) motion to correct an illegal

---

[1] As the Fifth District Court of Appeal stated in Vargas v. State, 188 So. 3d 915, 916 n.1 (Fla. 5th DCA 2016), "[m]otions seeking to impose mandatory minimums are typically filed by the State, but nothing prohibits a defendant from filing such a motion."

4

sentence is intended to address cases in which the sentence imposes 'a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances.'" Rutherford v. State, 93 So. 3d 1132, 1132 (Fla. 1st DCA 2012) (quoting Carter v. State, 786 So. 2d 1173, 1178 (Fla. 2001)); see also State v. McMahon, 94 So. 3d 468, 477 (Fla. 2012) (quoting State v. Akins, 69 So. 3d 261, 268-69 (Fla. 2011)).

Here, the trial court sentenced Burks to a term of natural life for the offense of attempted first degree murder with a firearm pursuant to the PRR statute, specifically, section 775.082(9)(a)(3)(a), Florida Statutes (2007). That statute provides, in relevant part, that a prison releasee reoffender who commits a felony punishable by life "is not eligible for sentencing under the sentencing guidelines and must be sentenced as follows: a. For a felony punishable by life, by a term of imprisonment for life." Id. A defendant sentenced as a prison releasee reoffender also "shall not be eligible for parole, control release, or any form of early release" and "must serve 100 percent of the court-imposed sentence." § 775.082(9)(b), Fla. Stat. (2007).

On appeal, Burks contends that the trial court erred in failing to sentence him under Florida's 10/20/Life statute, specifically section 775.087(2)(a)(3), and that the failure to do so rendered his sentence illegal. Section 775.087(2)(a)(3) provides for mandatory minimum terms of imprisonment where a defendant

5

discharged a firearm in the commission or attempted commission of a felony resulting in death or great bodily harm and states in relevant part:

> (2)(a) 1. Any person who is convicted of a felony or an attempt to commit a felony, regardless of whether the use of a weapon is an element of the felony, and the conviction was for:
>
> > a. Murder;
> >
> > . . . .
>
> 3. Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs (a)1.a.-q., regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a "firearm" or "destructive device" as defined in s. 790.001 and, as the result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person *shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.*

§ 775.087(2)(a)(3), Fla. Stat. (2007) (emphasis added).

Burks is correct that the trial court was required to sentence him under section 775.087(2)(a)(3), the relevant provision of the 10/20/Life statute. Section 775.087(2)(d), Fla. Stat. (2007), specifically states that "[i]t is the intent of the Legislature that offenders who actually possess . . . firearms . . . be punished to the fullest extent of the law, and the *minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count* for which the person is convicted." (emphasis added). A trial court, therefore, has no

discretion in deciding whether to sentence a defendant under section 775.087(2) when a defendant possessed or discharged a firearm during the commission of an enumerated felony. See Dunbar v. State, 89 So. 3d 901, 906 n.5 (Fla. 2012) ("[N]o discretion is given to trial courts in deciding whether to impose mandatory minimum terms under section 775.087(2) . . . ."); Termitus v. State, 86 So. 3d 1179, 1181 (Fla. 5th DCA 2012) (reversing denial of a rule 3.800(a) motion to correct illegal sentence where the trial court failed in its nondiscretionary duty to impose required mandatory minimum sentences under section 775.082(2)); Johnson v. State, 53 So. 3d 360, 362 (Fla. 5th DCA 2011) ("[T]he imposition of a mandatory minimum sentence under section 775.087(2) is a non-discretionary duty of a trial court where the record reflects that the defendant qualifies for mandatory minimum sentencing."). Accordingly, "[w]here the judge has no discretion in imposing a mandatory minimum sentence, the failure to do so makes the sentence illegal." Vargas, 188 So. 3d at 916 (finding defendant's sentences illegal where they were not imposed as mandatory minimum sentences as required by section 775.087(2)).

The State argues that the trial court's failure to impose a sentence under section 775.087(2)(a)(3) did not render Burks's sentence illegal because of the "precedence" given to sentencing under the PRR statute, section 775.082. The State's argument, however, is contrary to Florida Supreme Court precedent that the

7

specific provisions of section 775.087(2) control over the general provisions of section 775.082 regarding statutory maximums.

In McDonald v. State, 957 So. 2d 605, 607 (Fla. 2007), McDonald was sentenced as a prison releasee reoffender to concurrent mandatory life sentences under the PRR statute, section 775.082(9), Florida Statutes (2000).[2] In addition, the trial court imposed concurrent ten-year mandatory minimum sentences on the same counts for possession of a firearm during the commission of the offenses under the 10/20/Life statute, section 775.087, Florida Statutes (2000). Id. The trial court denied McDonald's subsequent rule 3.800(a) motion challenging the imposition of the mandatory minimum sentences, and the Fourth District Court of Appeal affirmed. McDonald v. State, 912 So. 2d 74 (Fla. 4th DCA 2005). In approving the Fourth District's decision, the Florida Supreme Court determined that the appellate court properly relied upon the plain meaning of section 775.087(2)(c), which states:

> (c) If the minimum mandatory terms of imprisonment imposed pursuant to this section exceed the maximum sentences authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the mandatory minimum sentence must be imposed. *If the mandatory minimum terms of imprisonment pursuant to this section are less than the sentences that could be imposed as authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the*

---

[2] The 2007 versions of the statutes at issue are unchanged from the 2000 versions considered in McDonald.

8

> *sentence imposed by the court must include the mandatory minimum term of imprisonment as required in this section*.

McDonald, 957 So. 2d at 609 (emphasis in original) (quoting § 775.087(2)(c), Fla. Stat. (2000)). The Florida Supreme Court agreed with the Fourth District that the language of section 775.087(2)(c) "plainly requires that the mandatory minimum sentence be imposed concurrently with the minimum mandatory sentence of the PRR statute even though the 10–20–LIFE sentence is less than the PRR sentence." Id. at 611. The Florida Supreme Court also found that "the Fourth District properly concluded that the more specific provisions contained in the 10–20–LIFE statute should control over the more general provisions of the PRR statute." Id. Finally, the Florida Supreme Court acknowledged that the imposition of a sentence under the 10/20/Life statute concurrent with a greater sentence under the PRR statute will have "very little, if any, practical effect in most cases," but "[b]ecause the Legislature clearly intends that criminals using firearms to commit violent crimes receive the maximum sentence, the mandatory minimum 10–20–LIFE sentence must be imposed even if it is less than another sentence that runs concurrently." Id. at 611-12. As such, the Florida Supreme Court, in addressing concurrent sentencing under the PRR statute and the 10/20/Life statute, held that "the minimum sentence mandated by the 10–20–LIFE statute must be imposed

9

concurrently with the PRR sentence even when the 10–20–LIFE sentence is the lesser sentence. Id. at 613.

Subsequently, in Mendenhall v. State, 48 So. 3d 740 (Fla. 2010), the Florida Supreme Court addressed the issue of "whether the mandated 'minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison' under section 775.087(2)(a)(3) gives the trial court the discretion to impose a sentence anywhere within the range of twenty-five years to life, even if that sentence exceeds the statutory maximum" under section 775.082(2). Id. at 745. The Florida Supreme Court held "that the specific provisions of the 10–20–Life statute with regard to mandatory minimums control over the general provisions of section 775.082 regarding statutory maximums" and concluded "that the trial court has discretion under section 775.087(2)(a)(3) to impose a mandatory minimum of twenty-five years to life, even if that mandatory minimum exceeds the statutory maximum provided for in section 775.082." Id. at 742.

In reaching its conclusion that Mendenhall was properly sentenced to thirty-five years with a thirty-five-year mandatory minimum, notwithstanding the relevant statutory maximum of thirty years contained in section 775.082 for Mendenhall's offense, the Florida Supreme Court relied upon its analysis in McDonald and stated that "[i]n resolving any perceived conflict between the statutory maximum in the general sentencing statute and the mandatory minimum

10

range of twenty-five years to life, we conclude that the specific provisions of section 775.087(2)(a)(3) prevail over the general provisions of the 775.082 regarding statutory maximums." Id. at 748.

Accordingly, because the specific provisions of the 10/20/Life statute control over the general sentencing maximums set forth in section 775.082, we hold that the trial court was required, pursuant to section 775.087(2)(a)(3), to sentence Burks concurrently under the 10/20/Life statute, notwithstanding his sentence as a prison releasee reoffender under section 775.082(9)(a)(3)(a). The trial court's failure to do so rendered Burks's sentence illegal. Cf. Pitts v. State, 202 So. 3d 882, 885 (Fla. 4th DCA 2016) (stating that where trial court was required to sentence defendant to life imprisonment under section 775.082(1), the trial court was also required to impose a concurrent mandatory minimum sentence within the range of twenty-five years to life under section 775.087(2)(a)(3)).

Reversed and remanded for resentencing.