IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RICHARD C. SOLOMON,

     Appellant,

 v.                                                          Case No.  5D18-1228

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed August 31, 2018

3.800 Appeal from the Circuit Court
for Lake County,
Lawrence J. Semento, Judge.

Richard C. Solomon, Defuniak Springs, pro
se.

No Appearance for Appellee.


LAMBERT, J.

    Richard C. Solomon appeals the postconviction court's order summarily denying

his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure

3.800(a). Following a jury trial, Solomon was convicted in July 2008 of armed burglary of

a dwelling, robbery with a firearm, and first-degree felony murder.  The trial court

sentenced Solomon to life imprisonment on each count.  The sentences on the first two

counts were run concurrently, but the life sentence on the third count for first-degree

felony murder was ordered to run consecutively to the life sentence imposed in count two. Additionally, pursuant to section 775.087(2), Florida Statutes (2006), the court imposed a twenty-five-year minimum mandatory provision as part of Solomon's sentence for the robbery with a firearm conviction in count two.

Solomon raises two grounds for relief. He contends that the twenty-five-year minimum mandatory provision in count two is illegal based upon the failure of the charging document to allege the grounds for enhancement in this count and the subsequent lack of specific factual findings by the jury regarding these grounds. Solomon separately argues that his sentences on counts one and three are illegal because despite the jury's findings on these counts, the trial court failed to also include the required ten-year minimum mandatory provisions for each count when imposing the respective life sentences. For the reasons explained below, we reverse and remand for resentencing.

Section 775.087(2), commonly referred to as the "10-20-Life" statute, provides in pertinent part:

> (a)1. Any person who is convicted of a felony . . . , regardless of whether the use of a weapon is an element of the felony, and the conviction was for:
>
> a. Murder;
>
> . . . .
>
> c. Robbery;
>
> d. Burglary;
>
> . . . .
>
> and during the commission of the offense, such person actually possessed a "firearm" . . . , shall be sentenced to a minimum term of imprisonment of 10 years . . . .

2

The statute further provides for a minimum mandatory prison term of twenty years if a person convicted of one of its enumerated felonies discharged a firearm during the commission of the crime and for twenty-five-years' imprisonment if the discharge of the firearm results in death or great bodily harm inflicted upon any person. *See* § 775.087(2)(a)2.-3., Fla. Stat. (2006).

Solomon is correct that the twenty-five-year minimum mandatory provision in his life sentence for robbery with a firearm is illegal because the indictment did not allege nor did the jury find that he discharged a firearm that caused death or great bodily harm during the commission of this offense. To pursue an enhanced mandatory sentence under the 10-20-Life statute, "the state must allege the grounds for the enhancement in the charging document, and the jury must make factual findings regarding those grounds." *Bienaime v. State*, 213 So. 3d 927, 929 (Fla. 4th DCA 2017) (citing *Lane v. State*, 996 So. 2d 226, 227 (Fla. 4th DCA 2008)). In the present case, the allegations contained in this count of the indictment merely state that in the course of committing the robbery, Solomon or an accomplice carried a firearm. Although the indictment did allege in count three that Solomon or an accomplice did shoot the victim with a firearm thereby causing his death, the State cannot rely on grounds alleged in that count to support an enhanced mandatory sentence on a different count. *See id.* (citing *Bryant v. State*, 744 So. 2d 1225, 1226 (Fla. 4th DCA 1999)).

The jury found that Solomon personally carried a firearm during the commission of the robbery. However, because the jury did not separately find that Solomon also discharged a firearm that caused the death or great bodily harm of another, we reverse that part of his sentence on count two that requires Solomon to serve a twenty-five-year

minimum mandatory sentence on this count and remand with directions that the trial court instead impose a ten-year minimum mandatory provision as part of Solomon's overall sentence on this count, consistent with the jury's express findings. *See Allen v. State*, 853 So. 2d 533, 535-37 (Fla. 5th DCA 2003) (affirming trial court's order entered under rule 3.800(a) correcting the length of the previously imposed minimum mandatory provision of the sentence); *Parker v. State*, 921 So. 2d 812, 812-13 (Fla. 4th DCA 2006) (reversing enhanced twenty-five-year minimum mandatory sentence imposed pursuant to section 775.087(2)(a)3. absent a clear jury finding that a firearm was discharged); *Muldrow v. State*, 842 So. 2d 240, 242 (Fla. 2d DCA 2003) (reversing twenty-year mandatory minimum sentence because the jury finding of possession of a firearm does not equate to a finding that the firearm had been discharged).

Solomon next argues that his sentences on counts one and three are illegal because the trial court failed to also include a ten-year minimum mandatory provision as part of the life sentences that he received on each count. Although it would seem counterintuitive for a defendant, postconviction, to move for an enhanced sentence, rule 3.800(a) provides Solomon recourse as it plainly states, in pertinent part, that "[a] court may at any time correct an illegal sentence imposed by it . . . when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief." Thus, while "[m]otions seeking to impose mandatory minimums are typically filed by the State . . . nothing [in the rule] prohibits a defendant from filing such a motion." *Burks v. State*, 237 So. 3d 1060, 1062 n.1 (Fla. 3d DCA 2017) (quoting *Vargas v. State*, 188 So. 3d 915, 916 n.1 (Fla. 5th DCA 2016)).

4

Solomon was convicted in count one of armed burglary of a dwelling and in count three of first-degree felony murder. Both crimes are among those listed in section 775.087(2)(a) to require the imposition of a minimum mandatory sentence by the trial court when a firearm is found to have been used in the commission of the offense. "[T]he imposition of a mandatory minimum sentence under section 775.087(2) is a non-discretionary duty of a trial court where the record reflects that the defendant qualifies for mandatory minimum sentencing." *Johnson v. State*, 53 So. 3d 360, 362 (Fla. 5th DCA 2011). Here, based upon the jury's express findings in counts one and three that Solomon personally carried a firearm during the commission of these offenses, the trial court had no discretion but to impose ten-year minimum mandatory conditions as part of the life sentences imposed on each count. Its failure to do so makes each sentence illegal under this rule, *see Vargas*, 188 So. 3d at 916 (citing *State v. Row*, 478 So. 2d 430, 431 (Fla. 5th DCA 1985); *State v. Fulton*, 878 So. 2d 485, 485 (Fla. 1st DCA 2004)), and those sentencing errors can be remedied without violating double jeopardy principles, even though Solomon has already been serving his sentences. *See Dunbar v. State*, 89 So. 3d 901, 906-07 (Fla. 2012). Accordingly, we reverse and remand for the trial court to impose ten-year minimum mandatory provisions to the sentences on counts one and three.

Lastly, because the record is clear that Solomon committed all three offenses during one criminal episode, there is only one victim, and the jury did not find that Solomon personally discharged his firearm on any of the counts, the minimum mandatory provision of all three sentences must be run concurrently. *See Valentin v. State*, 963 So. 2d 317, 319-20 (Fla. 5th DCA 2007) (recognizing that "the imposition of consecutive minimum

5

mandatory sentences under section 775.087(2) . . . is improper where the offenses occurred during a single criminal episode unless the defendant discharges the firearm and injures multiple victims or causes multiple injuries to one victim") (citing *State v. Christian*, 692 So. 2d 889 (Fla. 1997); *State v. Thomas*, 487 So. 2d 1043 (Fla. 1985); *Palmer v. State*, 438 So. 2d 1 (Fla. 1983)).

In sum, we reverse the order on appeal and remand for the trial court to correct Solomon's sentences on each count to provide for concurrent ten-year minimum mandatory provisions for each life sentence. Although Solomon candidly acknowledged in his motion that his requested sentence correction "will not change the composite term for [his life] sentence[s]," a defendant's due process rights are violated when mandatory minimum terms are added to a sentence without the defendant's presence. *Dunbar*, 89 So. 3d at 907.[1] Accordingly, Solomon is to be brought back before the trial court for the imposition of these concurrent minimum mandatory sentences and counsel should be appointed to represent him, if Solomon still qualifies for appointed counsel.

REVERSED and REMANDED for resentencing consistent with this opinion.

COHEN, C.J., and PALMER, J., concur.

---

[1] In *Dunbar*, Chief Justice Canady dissented from that part of the court's decision remanding for a sentencing proceeding with the defendant present where "given the mandatory duty of the sentencing court, there is no way in which [the defendant's] presence 'would contribute to the fairness of the procedure.'" *Id.* at 908. (Canady, C.J., concurring in part, and dissenting in part) (quoting *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987)). This observation appears appropriate here where the nunc pro tunc imposition of the ten-year minimum mandatory provisions in counts one and three will have no practical impact because Solomon has been in prison for more than ten years and has essentially already served the concurrent ten-year minimum mandatory sentences now to be imposed on each count.