# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3828

_____

JERMAINE EARL,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
James C. Hankinson, Judge.

June 7, 2019

WOLF, J.

This is a timely appeal of the denial of a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The issue is whether the postconviction court erred in denying appellant's rule 3.800(a) motion in which he argued the trial court's failure to impose mandatory minimum sentences rendered his sentence illegal.

We find the decision of the trial court was not adverse to appellant and dismiss this appeal. We also certify conflict with decisions from the Third and Fifth District Courts of Appeal that reached the merits of this issue and did not dismiss the appeal.

FACTS

Appellant filed a rule 3.800(a) motion alleging his sentences were illegal because the trial court failed to impose a 10-year mandatory minimum sentence. He stated he was convicted of armed robbery and kidnapping, and he was sentenced to life in prison for each count as a Prison Releasee Reoffender (PRR). However, the court did not impose a mandatory minimum sentence, which appellant argues was legally required pursuant to section 775.087(2), Florida Statues, because the jury found he was in actual possession of a firearm.

The postconviction court denied the motion, finding that although the trial court could have included a 10-year mandatory minimum for each sentence, the failure to do so did not make the sentences illegal because such a determination would not have changed appellant's incarceration by one day.

ANALYSIS

Appellant is correct that the trial court should have imposed a mandatory minimum sentence here. Under the 10-20-Life statute, any person convicted of certain numerated offenses including robbery and kidnapping, who was in actual possession of a firearm, shall be sentenced to a mandatory minimum term of 10 years in prison. § 775.087(2)(a)1.c., g., Fla. Stat. Imposition of a mandatory minimum sentence under the 10-20-Life statute is required even where the defendant was sentenced as a prison releasee reoffender. *McDonald v. State*, 957 So. 2d 605, 611 (Fla. 2007) ("[T]he language of the 10–20–LIFE statute plainly requires that the mandatory minimum sentence be imposed concurrently with the minimum mandatory sentence of the PRR statute even though the 10–20–LIFE sentence is less than the PRR sentence.").

The imposition of a mandatory minimum sentence is "nondiscretionary." *Dunbar v. State*, 89 So. 3d 901, 906 (Fla. 2012) (finding a trial court did not violate double jeopardy by adding "nondiscretionary" mandatory minimum sentence to the defendant's written sentence).

Both the Third District and the Fifth District have permitted defendants to raise this issue through a rule 3.800(a) motion and

2

have remanded for resentencing. The Fifth District reasoned that "[m]otions seeking to impose mandatory minimums are typically filed by the State, but nothing prohibits a defendant from filing such a motion." *Vargas v. State*, 188 So. 3d 915, 916 n.1 (Fla. 5th DCA 2016) (reversing and remanding for resentencing where the trial court failed to impose mandatory minimum sentences but declining to reach the issue of whether the trial court erred in running the sentences consecutively). In a similar case, the Fifth District further reasoned that "[a]lthough it would seem counterintuitive for a defendant, postconviction, to move for an enhanced sentence, rule 3.800(a) provides . . . recourse as it plainly states . . . that '[a] court may at any time correct an illegal sentence,'" and the failure to impose a mandatory minimum sentence under the 10-20-Life statutes "makes each sentence illegal." *Solomon v. State*, 254 So. 3d 1121, 1124 (Fla. 5th DCA 2018). Thus, the Fifth District granted the motion and remanded for resentencing even though the defendant conceded that doing so "will not change the composite term for [his life] sentence[s]." *Id.* at 1125.

Relying on *Vargas*, the Third District agreed that nothing prohibits a defendant from filing a rule 3.800(a) motion challenging the trial court's failure to impose a mandatory minimum sentence under the 10-20-Life statute. *Burks v. State*, 237 So. 3d 1060, 1062 n.1 (Fla. 3d DCA 2017) (reversing and remanding for resentencing).

We decline to follow the Third and Fifth Districts. While a sentence that fails to impose a mandatory minimum sentence may be "illegal," that illegality is in appellant's favor. It is not adverse to him. "The general rule on appeal to review proceedings of an inferior court is that a party to the cause may appeal only from a decision in some respect adverse to him." *Credit Indus. Co. v. Remark Chem. Co.*, 67 So. 2d 540, 541 (Fla. 1953). "A party may . . . appeal when he is 'aggrieved by the judgment.'" *Fountain v. City of Jacksonville*, 447 So. 2d 353, 354 (Fla. 1st DCA 1984).

Specifically, "defendants have the right to appeal an *adverse* ruling of a 3.800(a) motion." *Johnson v. State*, 961 So. 2d 195, 197 (Fla. 2007) (emphasis added) (requiring trial courts to advise defendants of their right to appeal from rule 3.800(a) motions). The

appellate rules permit a defendant to appeal an order "denying relief" under rule 3.800(a). Fla. R. App. P. 9.140 (b)(1)(D).

Here, though the trial court denied appellant's motion, that order was not adverse to appellant, nor did it deny him relief, because he did not seek "relief" through his motion. He sought a harsher sentence.

Because the order denying appellant's rule 3.800(a) motion was not adverse to appellant, we dismiss appellant's request for relief and certify conflict with the Third and Fifth District Courts in *Vargas v. State*, 188 So. 3d 915 (Fla. 5th DCA 2016); *Solomon v. State*, 254 So. 3d 1121 (Fla. 5th DCA 2018); and *Burks v. State*, 237 So. 3d 1060 (Fla. 3d DCA 2017). Dismissal rather than affirmance is appropriate where an appellant challenges a non-adverse decision. *See Credit Indus. Co.*, 67 So. 2d at 541.

This case is DISMISSED.

BILBREY and WINSOR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Jermaine Earl, pro se, Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.