# Supreme Court of Florida

——————

No. SC19-1506

——————

**JERMAINE EARL,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

April 8, 2021

LABARGA, J.

This case is before the Court for review of the decision of the First District Court of Appeal in *Earl v. State*, 276 So. 3d 359, 360-62 (Fla. 1st DCA 2019). The district court certified that its decision is in direct conflict with the decisions of the Third and Fifth District Courts of Appeal in *Solomon v. State*, 254 So. 3d 1121 (Fla. 5th DCA 2018); *Vargas v. State*, 188 So. 3d 915 (Fla. 5th DCA 2016); and *Burks v. State*, 237 So. 3d 1060 (Fla. 3d DCA 2017). We have jurisdiction. *See* art. V, § 3(b)(4), Fla. Const.

The current conflict arises from differing interpretations of the term "illegal sentence" under Florida Rule of Criminal Procedure 3.800(a). Because Earl does not argue that he was prejudiced by the court's denial of his rule 3.800(a) motion, however, we need not consider the meaning of an illegal sentence in this context. The rule must be read in harmony with our statutes, which tell us that "the party challenging the judgment or order of the trial court has the burden of demonstrating that a prejudicial error occurred in the trial court. A conviction or sentence may not be reversed absent an express finding that a prejudicial error occurred in the trial court." § 924.051(7), Fla. Stat. (2020).

**FACTS AND PROCEDURAL BACKGROUND**

On June 18, 2010, after a jury trial, Earl was convicted of one count of armed robbery with a firearm and one count of kidnapping to facilitate a felony. The jury also indicated in the special verdict form that Earl was in possession of a firearm during the robbery. The trial court sentenced Earl to concurrent life sentences for both counts, designated him a prison releasee reoffender (PRR), and ordered him to serve 100 percent of his sentences.

On June 19, 2018, Earl filed the subject rule 3.800(a) motion. He argued that his life sentences are illegal because the trial court failed to impose ten-year mandatory minimum sentences pursuant to section 775.087(2), Florida Statutes (2010) (the 10-20-life statute), despite the fact that the jury verdict form reflects a special finding that he actually possessed a firearm during the commission of the crime. He asserted that the trial court's failure to impose the mandatory minimum sentences rendered his sentences illegal and required correction. Attached to Earl's motion were portions of his judgment and sentences reflecting his convictions and his PRR designation, as well as a one-page excerpt of the transcript from the sentencing hearing where the lower court indicated that it did not have discretion in sentencing Earl to life on both counts.

The postconviction court denied Earl's rule 3.800(a) motion, explaining that while the sentencing judge could have imposed the ten-year mandatory minimum sentences, the failure to do so did not render Earl's sentences illegal because it "would not have changed [Earl's] incarceration by one day." *Earl*, 276 So. 3d at 360. Earl filed a motion for rehearing, which the postconviction court denied, and he appealed to the First District.

The First District dismissed the appeal because even though the sentencing judge was required to impose ten-year mandatory minimum sentences under the 10-20-life statute, Earl was not entitled to challenge his sentences on that ground because he benefited from the error. *Earl*, 276 So. 3d at 360-62. The First District certified conflict with the Third and Fifth Districts' holdings in *Solomon, Vargas,* and *Burks,* which hold that a defendant can use rule 3.800(a) to challenge a trial court's failure to impose a mandatory minimum term on a sentence pursuant to the 10-20-life statute even though the enhancement would not affect the duration of the sentence. *Earl*, 276 So. 3d at 361-62.

The postconviction court and the First District acknowledge that Earl's life sentences are illegal because they do not contain ten-year mandatory minimum provisions; however, both lower courts concluded that Earl is not entitled to relief because he benefited from the error. Earl argues on appeal that he must be resentenced because the trial court had a duty to impose ten-year mandatory minimum sentences and its failure to do so renders his life sentences illegal.

## ANALYSIS

Rule 3.800(a) states, in pertinent part: "A court may at any time correct an illegal sentence . . . when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief . . . ." Fla. R. Crim. P. 3.800(a)(1). The rule does not define the term "illegal sentence."

The current conflict presents the question of whether relief as contemplated by rule 3.800(a) may include the imposition of *harsher* sentences at a defendant's request.

Though the plain language of rule 3.800(a) does not expressly prohibit defendants from seeking to correct unlawfully lenient sentences, we note that defendants are not entitled to such relief under the rule absent a showing of prejudice. Section 924.051, Florida Statutes, addresses collateral review in criminal cases. The statute defines prejudicial error as "an error in the trial court that harmfully affected the judgment or sentence." § 924.051(1)(a), Fla. Stat. The statute also states:

> An appeal may not be taken from a judgment or order of a trial court unless prejudicial error is alleged and is properly preserved . . . . A judgment or sentence may be reversed on appeal only when an appellate court determines . . . that prejudicial error occurred . . . .

*Id.* § 924.051(3).

The trial court did not have discretion to omit the mandatory minimum terms of his sentence pursuant to the 10-20-life statute. However, Earl did not argue that he was prejudiced by receiving a more lenient sentence than the trial court was required to impose. Nor did Earl argue that he was prejudiced by the postconviction court's denial of his rule 3.800(a) motion because the relief he sought was a sentence with more onerous terms than the one that he initially received.

Earl is serving two mandatory life sentences as a prison releasee reoffender. If the postconviction court granted Earl's rule 3.800(a) motion, he would be serving two mandatory life sentences as a prison releasee reoffender and those sentences would also contain ten-year mandatory minimum terms. As the postconviction court noted, had Earl been granted the relief he requested, his sentence would not have been changed by a single day. Therefore, Earl cannot show that the denial of his rule 3.800(a) motion resulted in harm that may be remedied on appeal.

## CONCLUSION

We approve the First District's decision below. To the extent that they are inconsistent with this opinion, we disapprove the Third and Fifth Districts' decisions in *Solomon*, *Vargas*, and *Burks*.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

First District - Case No. 1D18-3828

(Leon County)

Christine R. Davis and James Parker-Flynn of Carlton Fields, P.A., Tallahassee, Florida,

for Petitioner

Ashley Moody, Attorney General, Trisha Meggs Pate, Bureau Chief, Jennifer J. Moore and Robert C. Lee, Assistant Attorneys General, Tallahassee, Florida,

for Respondent