# Third District Court of Appeal

## State of Florida

Opinion filed February 26, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1592
Lower Tribunal Nos. F08-3129A, F08-5735A

_____

**Darwin Bois,**

Appellant,

vs.

**The State of Florida,**

Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Laura Shearon Cruz, Judge.

Darwin Bois, in proper person.

James Uthmeier, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for appellee.

Before LINDSEY, MILLER, and GOODEN, JJ.

PER CURIAM.

Affirmed. See Martell v. State, 676 So. 2d 1030, 1031 (Fla. 3d DCA 1996) ("'Rule 3.800(a) is intended to provide relief for a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law. It is concerned primarily with whether the terms and conditions of the punishment for a particular offense are permissible as a matter of law. It is not a vehicle designed to re-examine whether the procedure employed to impose the punishment comported with statutory law and due process.' Accordingly, we hold that Rule 3.800(a) is not the proper means to challenge a court's failure to order a presentence investigation.") (quoting Judge v. State, 596 So. 2d 73, 77 (Fla. 2d DCA 1991)) (emphasis omitted); Hill v. State, 56 So. 3d 905, 905 (Fla. 5th DCA 2011) (rejecting the argument under rule 3.800(a) that "the trial court erred in relying on the pre-sentence investigation report to support the habitual felony offender enhancement" because it related to the "procedure used to enhance" the sentence, not to the illegality of it); Whiteley v. State, 192 So. 3d 579, 579 (Fla. 4th DCA 2016) ("Appellant's allegations in his motion to correct an illegal sentence were insufficient to establish that his sentence is illegal. Assuming the sentencing court erred in considering an outdated PSI as alleged by appellant, this was an error in sentencing procedure that should have been raised on direct appeal."); Shaw v. State, 780 So. 2d 188, 191 (Fla. 2d DCA 2001) ("[T]o the

2

extent that Shaw's supporting memorandum suggests that the trial court also failed to file written findings for a departure sentence, this is not properly raised in a rule 3.800(a) motion and we affirm as to this claim."); Carter v. State, 127 So. 3d 572, 574 (Fla. 4th DCA 2012) ("Even if a presentence investigation was required in this case, . . . the trial court's failure to consider a presentence investigation does not result in an 'illegal sentence' under Rule 3.800(a)."); Rutherford v. State, 93 So. 3d 1132, 1132–33 (Fla. 1st DCA 2012) (explaining that "alleged flaws in the procedure used to impose [the defendant's] sentence and specifically . . . the court's failure to consider certain mitigating factors . . . is not a proper basis for a rule 3.800(a) motion"); Collier v. State, 148 So. 3d 797, 798 (Fla. 1st DCA 2014) ("In his postconviction motion, he alleged his life sentence is illegal because the trial court improperly took into account his lack of remorse and candor when imposing the sentence. . . . However, such a claim asserts error in the sentencing process, as opposed to the legality of the sentence itself, and thus, cannot be raised in a rule 3.800(a) motion.") (citation omitted); Linder v. State, 54 So. 3d 1031, 1033 (Fla. 4th DCA 2011) ("Appellant's claim that the evidence did not support penetration cannot be brought in a motion to correct an illegal sentence.").

3